■ In the Matter of BRENDA WASHINGTON, Appellant, v BRIAN SCOTT BENDER, Respondent. [874 NYS2d 600]—

Kavanagh, J. Appeal from an order of the Family Court of Saratoga County (Hall, J.), entered March 31, 2008, which dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, for modification of a prior order of custody.

Petitioner (hereinafter the mother) and respondent (hereinafter the father) lived in Oregon and had a son (born in 1994). In

2000, the parties were divorced and, by agreement, entered into a stipulation before the Oregon Circuit Court, and a judgment was issued awarding the parties joint custody of the child. The father later filed a petition to modify this judgment and the Oregon court concluded that because the mother suffered from a mental illness and major depression, sole custody of the child should be awarded to the father. It further provided that if the father's employment, as anticipated, required him to move to New York, the child would, until the move took place, spend alternating weeks with each parent. It also directed that if the mother should similarly move to New York, the schedule of the parents having physical custody of the child on alternating weeks would continue. The father moved to New York and has continuously lived with the child in Saratoga County since 2002. The mother followed in 2007 and, less than one year later, commenced this proceeding seeking sole custody of the child. Family Court dismissed the mother's petition, prompting this appeal.

The mother's petition to modify custody was based primarily upon her claim that the father's living situation had seriously deteriorated since his move to New York and, as a result, he does not fully provide for the child's basic needs. She points to the fact that the father has moved to a basement apartment in an isolated area and the child no longer has easy access to amenities such as a pool, basketball court and recreation room. She also claims that the child's daily hygiene, dental care and academic performance have suffered since the father took up residence in New York.

Family Court found that the mother, at the conclusion of the presentment of her direct case, failed to make a prima facie showing that a sufficient change in circumstances had occurred since the entry of the 2002 custody order and dismissed her petition (*see Matter of Chase v Benjamin*, 44 AD3d 1130, 1130 [2007]; *Matter of Leo v Leo*, 39 AD3d 899, 900 [2007]; *compare Matter of David WW. v Laureen QQ.*, 42 AD3d 685, 686 [2007]). It found, and we agree, that simply because the mother now lives in an area in New York that has certain amenities not available in the home the child shares with the father is not a basis upon which to justify a change in custody. Notably, under the existing custodial arrangement, the child spends half his time with the mother at her home where he has access to those resources that she claims are necessary for his positive development. Furthermore, as Family Court noted, during the entire period that the child has resided with the father, he has been provided with appropriate care, clothing and shelter and has been moderately successful in school. While the father's apart-

ment may be a modest abode, the evidence presented established that it is clean, has appropriate furniture and is large enough to allow the child to have his own bedroom. Based on the foregoing, Family Court's determination that the mother failed to establish a sufficient change in circumstances that would warrant a modification of the existing custodial arrangement enjoys ample support in the record (*see Matter of Passero v Giordano*, 53 AD3d 802, 804 [2008]; *Matter of Spraker v Watts*, 41 AD3d 953, 954 [2007]). Therefore, the court's order must, in all respects, be affirmed.

Cardona, P.J., Mercure, Rose and Malone Jr., JJ., concur. Ordered that the order is affirmed, without costs.