McCarthy, J.
Appeal from an order of the Family Court of Chemung County (Buckley, J.), entered July 12, 2012, which, among other things, partially granted petitioner’s application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody and visitation.
Petitioner (hereinafter the father) and respondent Michele A. are the unmarried parents of three children (born in 2006, 2007 and 2009). In October 2009, while the father was incarcerated, custody of the two older children was awarded to the children’s maternal grandparents, respondents John A. and Wanda A. *991 (hereinafter collectively referred to as the grandparents). In September 2011, the grandparents were awarded custody of the youngest child as well. Later that month, in anticipation of his release from prison, the father commenced this proceeding seeking custody of the youngest child. During subsequent appearances before Family Court, the court continued custody with the grandparents, but awarded the father supervised visitation with all three children. Finally, after an appearance before Family Court in July 2012, the court determined, without holding a fact-finding hearing, that the father was an untreated sex offender and entered an order that modified the supervised visitation schedule, but conditioned any consideration of future custody modification petitions filed by the father on his completing sex offender treatment. The father appeals.[1]
The father contends that he was denied the effective assistance of counsel. We agree. Family Court continued supervised visitation and denied the father’s custody application, without holding a fact-finding hearing, based upon its belief that he was an untreated sex offender.[2] This belief came from information provided to Family Court by the attorney for the children that was based on evidence outside of the record, the accuracy of which was challenged by the father, and with no evidence presented as to whether a lack of treatment would be detrimental to the children (see generally Matter of Carl v McEver, 88 AD3d 1089, 1090-1091 [2011]). The record demonstrates that Family Court improperly relied upon the attorney for the children as both an investigative arm of the court and as an advisor, referring to her as the court’s “quarterback” and regularly deferring to her recommendations in reaching its determinations (see Weiglhofer v Weiglhofer, 1 AD3d 786, 788 n [2003]). The failure of the father’s counsel to object to this improper use of the attorney for the children or to request a fact-finding hearing regarding the issues of sex offender treatment and the best interests of the children renders the representation less than meaningful (see Matter of Mitchell v Childs, 26 AD3d 685, 686- *992 687 [2006]; see also Matter of Jaikob O. [William O.], 88 AD3d 1075, 1077-1078 [2011]).[3] Accordingly, Family Court’s order must be reversed.
Lahtinen, J.E, Rose, Lynch and Devine, JJ, concur.
Ordered that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Chemung County for further proceedings not inconsistent with this Court’s decision.

. Although the attorney for the children also seeks review of Family Court’s order, her arguments regarding an issue not raised by the father are not properly before us inasmuch as only the father appealed (see Matter of Valmas-Mann v Loewenguth, 114 AD3d 1091, 1091-1092 [2014]; Matter of Melissa WW. v Conley XX., 88 AD3d 1199, 1201 [2011], lv denied 18 NY3d 803 [2012]).

. The father admitted to being convicted of endangering the welfare of a child in New Jersey in 1994, after engaging in sexual intercourse with two teenage girls when be was 20 years old. At the time he commenced the instant proceeding, the father was incarcerated in New York for failing to register as a sex offender.

. We note that, although the father was represented by one institutional provider, five different attorneys appeared on his behalf at the nine court appearances. The individual attorneys were not always familiar with his case or prepared to represent him. At several appearances, the father spoke extensively while his counsel largely remained silent.