*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  October 8, 2015                    518482
_____

In the Matter of DAWN TYREL,
                    Appellant,

        v                                   MEMORANDUM  AND  ORDER

PRESTON TYREL,
                    Respondent.
_____

Calendar Date:   September 18, 2015

Before:  Garry, J.P., Rose, Lynch and Devine, JJ.

                    _____

        Justin C. Brusgul, Voorheesville, for appellant.

        Susan J. Civic, Saratoga Springs, for respondent.

        Nicole R. Rodgers, Saratoga Springs, attorney for the
child.

                    _____

Garry, J.P.

        Appeal from an order of the Family Court of Saratoga County
(Jensen, J.), entered January 29, 2014, which dismissed
petitioner's application, in a proceeding pursuant to Family Ct
Act article 6, to modify a prior order of custody.

        Petitioner (hereinafter the mother) and respondent
(hereinafter the father) are the parents of a child (born in
2009).  Pursuant to a 2011 order, the parties have joint legal
custody of the child and the father has primary physical custody,
with daily Skype or telephone contact to the mother, who lives in
Pennsylvania, and visitation when she is in New York.  In July
2013, the mother commenced this proceeding seeking primary
physical custody of the child.  Following a hearing, Family Court

found that the mother failed to make the required showing of a change in circumstances and dismissed the petition. The mother now appeals.

"In any modification proceeding, the threshold issue is whether there has been a change in circumstances since the prior custody order significant enough to warrant a review of the issue of custody to ensure the continued best interests of the children" (Matter of Patricia P. v Dana Q., 106 AD3d 1386, 1386 [2013] [citations omitted]; see Matter of Martin v Mills, 94 AD3d 1364, 1364-1365 [2012]). The mother alleged in her petition that the father was homeless and that she was not being provided with daily phone or Skype contact with the child as provided for in the custody order. At the hearing, however, the mother conceded that the father was not homeless and testified that she was currently being provided daily phone access to the child. The father, who has epilepsy, testified that he lives with his mother and two of his siblings, ages 9 and 12. He also testified that the child was attending preschool and was enrolled in the Head Start program. Although the mother expressed concerns that the father's medical condition prevented him from properly caring for the child, the record reflects that the condition was known at the time the current custody order was entered, and the mother did not present any evidence that the father's ability to care for the child has changed since that time. In short, the mother did not establish the existence of a change in circumstances, and Family Court's dismissal of the petition was proper (see Matter of John O. v Michele O., 103 AD3d 939, 941 [2013]; Matter of Clarkson v Clarkson, 98 AD3d 1208, 1209 [2012]).

Rose, Lynch and Devine, JJ., concur.

ORDERED that the order is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court