*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered: May 12, 2016                    521418
_____

JOHN J. MEREAU et al.,
                     Appellants,

        v

PETER M. PRENTICE, Doing
    Business as PRENTICE
    CONSTRUCTION, et al.,
                     Defendants,        MEMORANDUM AND ORDER
        and

FREEDOM MECHANICALS, LLC, Doing
    Business as CORNERSTONE
    SERVICES, Named Herein as
    DONALD J. COLBERT II, Doing
    Business as CORNERSTONE
    SERVICES,
                     Respondent.
_____

Calendar Date:   March 24, 2016

Before:   McCarthy, J.P., Egan Jr., Rose, Devine and Clark, JJ.

_____

        Robert E. Lahm PLLC, Syracuse (Robert E. Lahm of counsel),
for appellants.

        Santacrose & Frary, Albany (Keith M. Frary of counsel), for
respondent.

_____

Devine, J.

        Appeals (1) from a judgment of the Supreme Court (Demarest,
J.), entered March 9, 2015 in St. Lawrence County, upon a verdict
rendered in favor of defendant Freedom Mechanicals, LLC, and (2)

from an order of said court, entered April 24, 2015 in St. Lawrence County, which denied plaintiffs' motion to set aside the verdict.

Plaintiffs contracted with defendant Peter M. Prentice to construct their home in the Town of Louisville, St. Lawrence County.  Prentice subcontracted aspects of the work to, among others, defendant Freedom Mechanicals, LLC (hereinafter defendant).  On January 5, 2011, plaintiff John J. Mereau visited the construction site, fell down an open elevator shaft on the second floor of the unfinished residence and sustained permanent and severe injuries.

Mereau and, derivatively, his wife commenced two negligence actions against the various defendants that were subsequently consolidated.  The case proceeded to trial against Prentice and defendant, although only the claims involving defendant reached the jury, which returned a verdict in its favor.  Plaintiffs thereafter moved to set aside the verdict, arguing that it was not supported by credible evidence and that Supreme Court erred in refusing to give a missing witness charge with regard to an employee of defendant who did not testify.  Supreme Court denied the motion.  Plaintiffs appeal from both the judgment rendered on the verdict and the order denying the postverdict motion.

We affirm.  Plaintiffs assert that the verdict was against the weight of the evidence presented at trial, pointing to proof suggesting that an employee of defendant was responsible for removing the wooden barrier.  In assessing whether plaintiffs are correct, the relevant question is whether "the evidence so preponderate[d] in [plaintiffs'] favor . . . that [the verdict] could not have been reached on any fair interpretation of the evidence" (Lolik v Big V Supermarkets, 86 NY2d 744, 746 [1995] [internal quotation marks and citation omitted]; see Grassi v Ulrich, 87 NY2d 954, 956 [1996]; Longtin v Miller, 133 AD3d 939, 940 [2015]).  Our review of the trial evidence does not reveal such to be the case.

Prentice testified that he inspected the construction site every day and the barrier blocking the opening to the elevator shaft was in place on the morning of the accident.  Defendant was

responsible for duct work that ran through the elevator shaft, and Prentice testified that one of defendant's employees, Frank Trombley, arrived at the site around 10:00 a.m. with the stated intention of swapping out undersized ductwork that had previously been installed. A worker employed by Prentice agreed that one of defendant's employees was at the site that morning. Prentice found the barrier missing from the shaft opening after Mereau's accident and, while he did not see anyone remove the barrier, Prentice speculated that Trombley had done so in order to replace the ductwork.

The trial evidence was far from conclusive, however, in establishing that anyone employed by defendant was at the site on the morning of the accident. Portions of Trombley's deposition testimony were read into the record, and he stated that no one employed by defendant was working at the construction site on the day of the accident. Defendant's principal confirmed that Trombley was working elsewhere that day, and business records corroborating his assertions were entered into evidence. Other witnesses also called the accounts of Prentice and his employee into question. Defendant Eric Young, another subcontractor on the project who had successfully moved for summary judgment dismissing the claims against him prior to trial, testified that he was working on the second floor on the day of the accident and did not see or hear any of defendant's employees. Young also undercut Prentice's claim that Trombley was changing the ductwork in the elevator shaft, testifying that Prentice had authorized Young to work in the shaft at 8:00 a.m. on the day of the accident because the ductwork had been completed. The remaining witnesses either did not see, or could not confirm seeing, Trombley or another employee of defendant at the construction site on the day of the accident. A significant array of evidence therefore suggested that neither Trombley nor any of defendant's other employees were present to remove the barrier in the leadup to Mereau's accident. The jury chose to credit this proof and, deferring to its assessments of credibility, we cannot say that the verdict was against the weight of the evidence (see Minutolo v County of Broome, 130 AD3d 1202, 1203 [2015]; Johnson v Ingalls, 95 AD3d 1398, 1399 [2012]; Perry v Wine & Roses, Inc., 40 AD3d 1299, 1300 [2007]).

As a final matter, plaintiffs argue that Supreme Court erred in declining to give a missing witness charge with regard to Trombley. Plaintiffs subpoenaed Trombley but did not call him to the stand, and both plaintiffs and defendant read certain portions of his deposition testimony into the record.[1] Defendant also chose not to call Trombley as a witness, and plaintiffs declined the opportunity to submit any further proof in rebuttal. Plaintiffs instead waited until after the close of proof to request a missing witness charge, thereby depriving defendant of "any opportunity to account for [Trombley's] absence, argue that [it] did not have the requisite control over him, or attempt to procure his appearance" (Herman v Moore, 134 AD3d 543, 545 [2015]; see People v Gonzalez, 68 NY2d 424, 427-428 [1986]; Popolizio v County of Schenectady, 62 AD3d 1181, 1184 [2009]). Inasmuch as plaintiffs' request was untimely and would have resulted in undue surprise to defendant if granted, its rejection by Supreme Court was not an abuse of discretion (see People v Alexander, 127 AD3d 1429, 1433 [2015], lv denied 25 NY3d 1197 [2015]; People v Turner, 73 AD3d 1282, 1283-1284 [2010], lv denied 15 NY3d 896 [2010]; Popolizio v County of Schenectady, 62 AD3d at 1184; cf. R.T. Cornell Pharmacy v Guzzo, 135 AD2d 1000, 1002 [1987], lv dismissed 71 NY2d 928 [1988]).

McCarthy, J.P., Egan Jr., Rose and Clark, JJ., concur.


ORDERED that the judgment and order are affirmed, with costs.


ENTER:

Robert D. Mayberger
Clerk of the Court

---

[1] The record is silent as to why Trombley did not testify in person, and Supreme Court acknowledged during jury deliberations that it "really [did not] know" why he was absent.