# State of New York
## Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered: October 27, 2016          521477
_____

In the Matter of THOMAS FF.,
                Appellant,

    v

JENNIFER GG.,
                Respondent.

(Proceeding No. 1.)
_____

In the Matter of JENNIFER GG.,
                Respondent,

    v                            MEMORANDUM AND ORDER

THOMAS FF.,
                Appellant.

(Proceeding No. 2)
_____

In the Matter of JENNIFER GG.,
                Respondent,

    v

THOMAS FF.,
                Appellant.

(Proceeding No. 3.)
_____

Calendar Date: September 6, 2016

Before: Peters, P.J., McCarthy, Lynch, Rose and Clark, JJ.

_____

     Christopher Hammond, Cooperstown, for appellant.

     Bruce Evans Knoll, Albany, for respondent.

Randolph V. Kruman, Cortland, attorney for the child.

_____

McCarthy, J.

Appeal from an order of the Family Court of Chemung County (Hayden, J.), entered June 30, 2015, which, among other things, granted petitioner's applications, in proceeding Nos. 2 and 3 pursuant to Family Ct Act article 6, to modify a prior order of custody and visitation.

Thomas FF. (hereinafter the father) and Jennifer GG. (hereinafter the mother) are the parents of a son (born in 2005). In 2009, upon consent of the parties, Family Court ordered that they share joint legal and physical custody of the child; depending on the work schedule of the father, the parties had visitation with the child on alternate weeks. In December 2014, the mother concurrently filed a petition for modification of custody and visitation, seeking primary physical custody of the child, and a petition for enforcement of the 2009 custody order. About a week thereafter, the mother filed a second petition to modify the 2009 custody order. The father filed his own modification petition, requesting that he be granted primary physical custody of the child.

In June 2015, Family Court conducted an in camera interview with the child and then a fact-finding hearing on the same day. At the close of the fact-finding hearing, the court granted the mother primary legal and physical custody of the child, with visitation to the father from, among other times, Friday mornings to Sunday evenings during school summer breaks, and from Friday evenings to Sunday evenings during the school year. The court thereafter memorialized this disposition in a subsequent custody order, and the father now appeals.

We affirm. Initially, to the extent that the father argues that Family Court relied on inadmissible hearsay, that argument is unpreserved as he made no such argument at the fact-finding

hearing at a time when the court could have considered whether or not it was appropriate to consider the evidence that the father now complains was inadmissible (see Matter of Britiny U. [Tara S.], 124 AD3d 964, 965 [2015]).  Otherwise, the party petitioning to modify a custody order bears the burden of demonstrating first, that there has been a change in circumstances since the prior order and, then, if such a change occurred, that the best interests of the child would be served by a modification of that order (see Matter of Tyrel v Tyrel, 132 AD3d 1026, 1026 [2015]; Matter of Jones v Moore, 129 AD3d 1400, 1401 [2015]).  When Family Court's determination in this regard is supported by a sound and substantial basis in the record, it will not be disturbed (see Matter of Lawton v Lawton, 136 AD3d 1168, 1169 [2016]; Matter of Culver v Culver, 82 AD3d 1296, 1297 [2011], appeal dismissed 16 NY3d 884 [2011], lv denied 17 NY3d 710 [2011]).

The ample evidence presented by both parties establishing a breakdown in their communication supports the finding of a change in circumstances warranting consideration of the child's best interests (see Matter of Tod ZZ. v Paula ZZ., 113 AD3d 1005, 1006 [2014]).  Moreover, evidence at the fact-finding hearing included the father's admission that he had been the subject of an indicated Child Protective Services investigation regarding his discipline of his former girlfriend's child.  In addition, the father described himself as a strict disciplinarian.  This evidence provides a sound and substantial basis in the record to support Family Court's determination (see Matter of Rosario WW. v Ellen WW., 309 AD2d 984, 985-986 [2003]).  The father's remaining arguments are also without merit.

Peters, P.J., Lynch, Rose and Clark, JJ., concur.

ORDERED that the order is affirmed, without costs.


ENTER:

Robert D. Mayberger
Clerk of the Court