■ In the Matter of WILLIAM O., Appellant, v WANDA A. et al., Respondents. (And Another Related Proceeding.) [55 NYS3d 810]—

Clark, J. Appeals (1) from an order of the Family Court of Chemung County (Hayden, J.), entered June 30, 2014, which, among other things, dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody, and (2) from an order of said court, entered November 20, 2014, which denied petitioner's request for further evidentiary hearings.

Petitioner (hereinafter the father) is the father of three children (born in 2006, 2007 and 2009)—all of whom are in the custody of respondents, their maternal grandparents (hereinafter the grandparents), pursuant to prior court orders. The grandparents were first awarded custody of the older two children in October 2009 and awarded custody of the youngest child in September 2011 (*Matter of William O. v Michele A.*, 119 AD3d 990, 991 [2014]). That same month, in anticipation of his release from prison, the father sought custody of the youngest child (*id.*), and, in March 2012, he filed two additional petitions seeking a modification of custody and visitation relating to all three children. During subsequent appearances in Family Court (Buckley, J.), the court continued custody of the children with the grandparents, but awarded the father supervised visitation (*id.*). In July 2012, without conducting a fact-finding hearing, Family Court issued an order granting the father supervised visitation with the children on alternate weekends and directing that it would not entertain any further Family Ct Act article 6 petitions filed by the father until he completed sex offender treatment. The father appealed from the July 2012 order, and, on July 3, 2014, this Court reversed the order and remitted the matter for further proceedings (*id.* at 991-992).

Meanwhile, in June 2014, during the pendency of the father's appeal from the July 2012 order, Family Court (Hayden, J.) conducted a fact-finding hearing on the father's March 2012 modification petitions. At the close of the father's proof, Family Court inquired as to whether a finding of extraordinary circumstances had been made in conjunction with any of the prior orders awarding the grandparents custody of the children. Counsel for the grandparents responded that a finding of extraordinary circumstances had not been previously made. Based on the proof at that point, Family Court determined that the requisite extraordinary circumstances existed. Family Court then received additional proof from the grandparents and the attorney for the children. Following the completion of the hearing, Family Court, by order entered June 30, 2014, continued legal and physical custody of the children with the grandparents and granted the father unsupervised visitation with the children on alternate weekends from 1:00 p.m. to 6:00 p.m. on Saturdays and Sundays. Shortly thereafter, following this Court's July 2014 order, the father requested that Family Court hold an additional hearing on his September 2011 petition seeking custody of the youngest child. By a November 2014 order, Family Court held that no further evidentiary hearings were required because the June 2014 fact-finding hearing had "considered the very issues" that were the subject of this Court's July 2014 order. The father now appeals from the June 2014 order of custody and visitation and from the November 2014 order denying his request for an additional hearing.[1]

As a threshold matter, the attorney for the children informs us that, by a September 2016 order entered upon the father's default, Family Court suspended the father's visitation with the children. Inasmuch as this order did not modify the prior custody arrangement and does not include language indicating that it superceded any prior orders, the portion of the June 2014 order that awarded the grandparents legal and physical custody of the children remains appealable (*see Matter of Blagg v Downey*, 132 AD3d 1078, 1079 [2015]; *cf. Hughes v Gallup-Hughes*, 90 AD3d 1087, 1088 [2011]; *compare Matter of Dalmida v Livermore*, 134 AD3d 1306, 1307 [2015]). However, the father's challenges to the visitation schedule set forth in the June 2014 order have been rendered moot, as any determi-

---

**1.** In January 2015 and February 2015, the father filed two additional petitions seeking to modify the June 2014 order of custody and visitation, which Family Court ultimately dismissed. The father has appealed from the order dismissing these petitions and that appeal is decided herewith (*Matter of William O. v John A.*, 151 AD3d 1203 [2017] [decided herewith]).

nation by this Court relating thereto would not directly impact his visitation (*see Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714 [1980]; *Matter of Audra Z. v Lina Y.*, 135 AD3d 1197, 1198 [2016]).

The father argues that Family Court's extraordinary circumstances finding is not supported by a sound and substantial basis in the record.[2] "A parent has a claim of custody to his or her child[ren] that is superior to all other persons, unless a nonparent establishes that there has been surrender, abandonment, persistent neglect, unfitness, an extended disruption of custody or 'other like extraordinary circumstances' " (*Matter of Donna SS. v Amy TT.*, 149 AD3d 1211, 1212 [2017], quoting *Matter of Bennett v Jeffreys*, 40 NY2d 543, 544 [1976]). Grandparents, in particular, may make the requisite showing of extraordinary circumstances by establishing that there has been an "extended disruption of custody," which includes, but is not limited to, "a prolonged separation of the . . . parent and the child[ren] for at least [24] continuous months during which the parent voluntarily relinquished care and control of the child[ren] and the child[ren] resided in the household of the . . . grandparents" (Domestic Relations Law § 72 [2] [a], [b]; *see Matter of Suarez v Williams*, 26 NY3d 440, 448 [2015]). However, under the statute, Family Court is expressly permitted to find that extraordinary circumstances exist even where the prolonged separation lasted for less than 24 months (*see* Domestic Relations Law § 72 [2] [b]). In assessing whether grandparents have met their "heavy burden" of establishing the requisite extraordinary circumstances (*Matter of Thompson v Bray*, 148 AD3d 1364, 1365 [2017]; *see Matter of Brown v Comer*, 136 AD3d 1173, 1174 [2016]), "courts must consider the totality of the circumstances, taking into account such factors as 'the quality and quantity of contact between the parent and [the] child[ren],' the amount of time that the child[ren] ha[ve] lived with the grandparent[s], the quality of the relationship between the child[ren] and the grandparent[s] and the length of time that the parent allowed the separation to continue before attempting to assume the primary parental role" (*Matter of Donna SS. v Amy TT.*, 149 AD3d at 1213, quoting *Matter of Suarez v Williams*, 26 NY3d at 449).

Here, although the grandparents bore the burden of estab-

---

**2.** The father does not challenge Family Court's determination that an award of legal and physical custody to the grandparents was in the children's best interests. As a result, he has abandoned any such argument on appeal (*see Matter of Angela F. v St. Lawrence County Dept. of Social Servs.*, 146 AD3d 1243, 1245 n 4 [2017]; *Jennifer JJ. v Scott KK.*, 117 AD3d 1158, 1159 n 1 [2014]).

lishing extraordinary circumstances (*see Matter of Smith v Anderson*, 137 AD3d 1505, 1507 [2016]; *Matter of Elizabeth SS. v Gracealee SS.*, 135 AD3d 995, 996 [2016]), and Family Court made such finding before the grandparents presented any evidence, the father's proof nevertheless established that there had been an extended disruption of custody under Domestic Relations Law § 72 (2) (a). The father testified that he last had custody of the two older children in 2008, when they were taken into child protective custody after he fled with them to Arizona to evade criminal charges. He stated that, in June 2009, he was convicted of failing to register as a sex offender and that the two older children began living with the grandparents in October 2009. As for the youngest child, the father testified that she was born while he was in prison and that the grandparents were awarded custody of her in September 2011. At the time of the hearing, the father had not had custody of the older children for nearly six years—4½ years of which they remained in the custody of the grandparents—and had never had custody of the youngest child. Additionally, while the record established that the father engaged in supervised visitation with the children somewhat regularly once he was released from prison, he testified that he did not pay child support for a period of roughly 20 months. Further, the father admitted that he would bring unauthorized third parties to his visitation with the children in contravention of a prior court order. Finally, the father asserted that he lived in Pennsylvania because, in Pennsylvania, unlike New York, he was no longer required to register as a sex offender. Considering the evidence as a whole, we find that the record amply supports Family Court's finding of extraordinary circumstances (*see* Domestic Relations Law § 72 [2] [a], [b]; *Matter of Lewis v Speaker*, 143 AD3d 822, 824 [2016]; *Matter of Carton v Grimm*, 51 AD3d 1111, 1113 [2008], *lv denied* 10 NY3d 716 [2008]).

The father's remaining contentions do not require extended discussion. Viewing the record in its entirety, and having considered the errors alleged by the father, we are satisfied that the father received meaningful representation of counsel (*see Matter of Berezny v Raby*, 145 AD3d 1356, 1358 [2016]; *Matter of Roth v Messina*, 116 AD3d 1257, 1260 [2014]). Additionally, although *Lincoln* hearings are preferred, they are not mandatory and, given the children's relatively young ages at the time of the hearing, we discern no abuse of discretion in Family Court's determination not to conduct a *Lincoln* hearing (*see Matter of Colleen GG. v Richard HH.*, 135 AD3d 1005, 1009 [2016]; *Matter of Graves v Stockigt*, 79 AD3d 1170, 1171 [2010]). Further, inasmuch as the father specifically requested,

during the pendency of his appeal from the July 2012 order, that a fact-finding hearing be scheduled on his March 2012 petitions, the father's argument that Family Court should have stayed the fact-finding hearing until the appeal was decided is unpreserved for our review (*see Matter of Bevins v Witherbee*, 20 AD3d 718, 720 [2005]). Finally, with respect to the father's appeal from the November 2014 order, Family Court did not abuse its discretion in declining to hold an additional hearing following this Court's July 2014 order remitting the matter for further proceedings (*see Matter of William O. v Michele A.*, 119 AD3d at 992). The fact-finding hearing underlying these proceedings included evidence regarding the youngest child dating back to her birth, and Family Court expressly resolved such issue in the June 2014 order of custody and visitation from which the father appeals. Therefore, Family Court properly denied the father's request for an additional hearing.

McCarthy, J.P., Rose, Devine and Mulvey, JJ., concur. Ordered that the orders are affirmed, without costs.