■ In the Matter of WILLIAM O., Appellant, v JOHN A. et al., Respondents, et al., Respondent. (And Another Related Proceeding.) [55 NYS3d 822]—

Clark, J. Appeal from an order of the Family Court of Chemung County (Hayden, J.), entered August 6, 2015, which, in two proceedings pursuant to Family Ct Act article 6, dismissed the petitions at the close of petitioner's proof.

Petitioner (hereinafter the father) and respondent Michelle A. are the unmarried parents of three children (born in 2006, 2007 and 2009), all of whom are in the custody of their maternal grandparents, respondents John A. and Wanda A. (hereinafter the grandparents). Pursuant to an order of custody and visitation entered on June 30, 2014, which is the subject of another appeal in this Court (*Matter of William O. v Wanda A.*, 151 AD3d 1189 [2017] [decided herewith]), Family Court continued the grandparents' legal and physical custody of the children and awarded the father visitation with the children on alternate weekends from 1:00 p.m. to 6:00 p.m. on Saturdays and Sundays, with such visits to be held within this state. In January 2015, the father filed a petition seeking to modify the June 2014 order of custody and visitation and, shortly thereafter, in February 2015, he filed a second modification petition. The matter proceeded to a hearing and, at the close of the father's proof, the grandparents moved to dismiss the petitions for failure to establish that there had been a change in circumstances since entry of the

June 2014 order. Family Court granted the motion and dismissed the petitions.[1] The father now appeals.

We affirm. At the hearing, the father testified that, although he had petitioned for "full" custody of the children, he was only seeking joint legal custody of the children and an expansion of his visitation. For the reasons more fully discussed in our decision resolving the father's appeal from the June 2014 order of custody and visitation (*Matter of William O. v Wanda A., supra*), the portion of the father's appeal relating to a change in legal custody has not, as the grandparents and the attorney for the children contend, been rendered moot by the entry of a September 2016 order suspending the father's visitation (*see Matter of Blagg v Downey*, 132 AD3d 1078, 1079 [2015]; *cf. Hughes v Gallup-Hughes*, 90 AD3d 1087, 1088 [2011]; *compare Matter of Dalmida v Livermore*, 134 AD3d 1306, 1306-1307 [2015]). However, insofar as the father's modification petitions sought an expansion of visitation, any challenges related thereto have been rendered moot (*see Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714 [1980]; *Matter of Audra Z. v Lina Y.*, 135 AD3d 1197, 1198 [2016]).

As to the merits, to survive a motion to dismiss, the father bore the burden of establishing that there had been a change in circumstances since entry of the June 2014 order significant enough to warrant a review of the issue of custody to ensure the continued best interests of the children (*see Matter of Heasley v Morse*, 144 AD3d 1405, 1406 [2016]; *Matter of Engelhart v Bowman*, 140 AD3d 1293, 1293 [2016]). To that end, the father merely testified that, since entry of the June 2014 order, he had twice moved his residence to different areas within Pennsylvania. He stated that he had most recently moved to a more spacious apartment that was closer to the grandparents' residence in Chemung County. However, the father's move to a bigger and closer out-of-state residence was insufficient to constitute a change in circumstances warranting an inquiry into whether joint legal custody was in the children's best interests (*see Matter of Washington v Bender*, 59 AD3d 888, 889-890 [2009], *lv denied* 12 NY3d 710 [2009]). Nor was the requisite change in circumstances established by the father's testimony that the grandparents referred to him by his first name in front of the children, did not permit the children to regularly call him on the telephone and would not share the

---

1. Roughly two hours after Family Court dismissed the instant modification petitions, the father filed an additional modification petition, which was also dismissed (*Matter of William O. v John A.*, 148 AD3d 1258 [2017], *lv denied* 29 NY3d 908 [2017]).

children's medical and educational records with him, as some of this evidence was before Family Court at the time that the June 2014 order was entered.[2] Accordingly, as the father did not present sufficient proof to demonstrate the requisite change in circumstances, Family Court properly dismissed the father's modification petitions (*see Matter of Tyrel v Tyrel*, 132 AD3d 1026, 1027 [2015]; *Matter of Fish v Fish*, 112 AD3d 1161, 1161-1162 [2013]).

The father's remaining contentions do not warrant extended discussion. By failing to challenge—at the hearing—Family Court's ruling precluding him from testifying as to certain hearsay statements allegedly made by one of the grandparents' other grandchildren, the father failed to preserve his argument that such testimony should have been permitted under a particular hearsay exception (*see Matter of Thomas FF. v Jennifer GG.*, 143 AD3d 1207, 1208 [2016]; *Matter of Britiny U. [Tara S.]*, 124 AD3d 964, 965 [2015]). Further, considering the children's relatively young ages at the time of the hearing and that the attorney for the children adequately conveyed their wishes to Family Court, we discern no abuse of discretion in Family Court's determination not to conduct a *Lincoln* hearing (*see Matter of Leary v McGowan*, 143 AD3d 1100, 1103 [2016]; *Matter of VanBuren v Assenza*, 110 AD3d 1284, 1285 [2013]). The father's remaining arguments, to the extent not specifically addressed herein, have been examined and determined to be without merit.

McCarthy, J.P., Rose, Devine and Mulvey, JJ., concur. Ordered that the order is affirmed, without costs.

---

**2.** As to the remaining allegations made in his petitions, the father failed to present any evidence to support such claims at the hearing.