Matter of Derrick GG. (Jennifer GG.) (2019 NY Slip Op 08462)





Matter of Derrick GG. (Jennifer GG.)


2019 NY Slip Op 08462


Decided on November 21, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 21, 2019

527455

[*1]In the Matter of Derrick GG. and Others, Alleged to be Neglected Children. Schenectady County Department of Social Services, Respondent; Jennifer GG., Appellant.

Calendar Date: October 10, 2019

Before: Egan Jr., J.P., Clark, Mulvey and Devine, JJ.


Sandra M. Colatosti, Albany, for appellant.
Christopher H. Gardner, County Attorney, Schenectady (Sarah Petraccione of counsel), for respondent.
Alexandra G. Verrigni, Rexford, attorney for the children.
Karen Crandall, Schenectady, attorney for the child.



Clark, J.
Appeal from an order of the Family Court of Schenectady County (Blanchfield, J.), entered August 16, 2018, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate the subject children to be neglected.
Respondent is the mother of nine children, the youngest five of whom (born in 2000, 2001, 2002, 2004 and 2007) are subjects of this proceeding. Respondent is also the legal guardian of her nephew (born in 2014), who is also a subject of this proceeding. In March 2017, petitioner investigated a hotline report alleging that respondent's two youngest children — both daughters — had been sexually assaulted by their older brother — respondent's seventh child. During that investigation, the youngest two children gave statements confirming the hotline report and respondent's seventh child admitted to perpetrating the acts of sexual abuse. Consequently, respondent's seventh child was removed from the home upon consent, and petitioner commenced this Family Ct Act article 10 proceeding against respondent.[FN1] Specifically, petitioner alleged that respondent placed her five youngest children and her nephew at an imminent and substantial risk of harm by failing to adhere to the terms and conditions of a safety plan that was put in place in 2012 following the sexual abuse of respondent's sixth and seventh children by their older brother, who is not a subject of this proceeding. Family Court conducted a fact-finding hearing over several dates, throughout which the parties litigated an additional, unpleaded theory of neglect — whether respondent's ninth child had reported the alleged sexual abuse to respondent prior to the hotline report and whether respondent failed to thereafter take appropriate and meaningful action. In its written decision and order, Family Court sua sponte amended the petition to conform to the proof so as to include this second theory of neglect and found that respondent neglected her ninth child on that basis and derivatively neglected the remaining five children.[FN2] Respondent appeals.
As relevant here, a neglect finding may be based upon a parent's failure to act when the parent knew or should have known of circumstances which required action to avoid actual or potential impairment of the child and failed to so act (see Family Ct Act § 1012 [f] [i] [B]; Matter of Kimberly Z. [Jason Z.], 88 AD3d 1181, 1184-1185 [2011]). Here, the evidence included the independent, out-of-court written statements made by respondent's seventh and ninth children to police, wherein they sufficiently cross-corroborated each other's accounts of the sexual abuse perpetrated by respondent's seventh child against her eighth and ninth children (see Matter of Annarae I. [Jennifer K.], 148 AD3d 1243, 1246 [2017], lv denied 29 NY3d 909 [2017]; Matter of Bianca QQ. [Kiyonna SS.], 75 AD3d 679, 680 [2010]). Respondent's ninth child stated, in her written police statement, that she reported the sexual abuse to respondent the morning after it happened and that respondent reacted by taking away the Xbox from the seventh child for two weeks. Additionally, a caseworker involved in petitioner's investigation testified that the ninth child reported disclosing the abuse to respondent and stated that respondent "did not cry," but instead spoke with the seventh child and took away his video games for two weeks. The caseworker further testified that, in his interview, the seventh child admitted that respondent had taken away his Xbox as punishment for what he had done to the ninth child.
Family Court expressly credited the foregoing evidence over respondent's contrary testimony that she was unaware of the sexual abuse prior to petitioner's investigation. Family Court also discounted testimony from the seventh child's mental health counselor, who stated that, to the best of her recollection, the seventh child maintained that respondent was unaware of such abuse and reported making efforts to conceal his sexual abuse of his sisters. According deference to Family Court's credibility determinations, we find ample record support for the finding that respondent neglected her ninth child by failing to respond appropriately to her disclosure of having been sexually abused by respondent's seventh child (see Matter of Giannis F. [Vilma C.—Manny M.], 134 AD3d 457, 457 [2015]; Matter of Kimberly Z. [Jason Z.], 88 AD3d at 1185; Matter of Telsa Z. [Denise Z.], 81 AD3d 1130, 1133-1134 [2011]; Matter of Faith AA., 139 AD2d 22, 25 [1988]).
Turning to Family Court's derivative neglect findings, "[e]vidence that a parent neglected a child is admissible to prove that the parent neglected another child, but may not provide the sole basis for a determination of derivative neglect unless the parent's past conduct demonstrates fundamental flaws in the parent's understanding of the duties of parenthood — flaws that are so profound as to place any child in his or her care at substantial risk of harm" (Matter of Alexander Z. [Melissa Z.], 129 AD3d 1160, 1163 [2015] [internal quotation marks, brackets and citations omitted], lv denied 25 NY3d 914 [2015]; see Family Ct Act § 1046 [a] [i]; Matter of Landon U. [Amanda U.], 132 AD3d 1081, 1082-1083 [2015]). We agree with Family Court that respondent's failure to meaningfully and appropriately respond to the ninth child's disclosure of abuse at the hands of her brother, particularly given the family history of sibling-to-sibling sexual abuse, demonstrates the requisite lack of parental judgment so as to warrant a finding that respondent derivatively neglected the remaining five children (see Matter of Aiden LL. [Christa LL.], 166 AD3d 1413, 1416 [2018]).
As a final matter, we note that, despite not filing a notice of appeal, the attorney for the seventh child argues for reversal of Family Court's order based upon its alleged abuse of discretion in sua sponte amending the petition to conform to the proof. Inasmuch as respondent does not raise this argument on appeal and the attorney for the seventh child did not file a notice of appeal, such argument is not properly before us (see Matter of William O. v Michele A., 119 AD3d 990, 991 n 1 [2014]; Matter of Valmas-Mann v Loewenguth, 114 AD3d 1091, 1091-1092 [2014]; Matter of Melissa WW. v Conley XX., 88 AD3d 1199, 1201 [2011], lv denied 18 NY3d 803 [2012]). In any event, even if the argument were properly before us, we would reject it (see Family Ct Act § 1051 [b]; Matter of Alexander Z. [Melissa Z.], 129 AD3d at 1162; Matter of Ne-Ashia R. [Na-Ashia R.], 99 AD3d 616, 616 [2012]).
Egan Jr., J.P., Mulvey and Devine, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: A separate neglect petition was filed against the children's father/uncle. That petition was ultimately adjourned in contemplation of dismissal.

Footnote 2: With respect to the pleaded theory of neglect that respondent failed to adhere to the terms and conditions of the 2012 safety plan, Family Court found petitioner's proof to be insufficient.