Matter of David VV. v Alison YY. (2022 NY Slip Op 02176)





Matter of David VV. v Alison YY.


2022 NY Slip Op 02176


Decided on March 31, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:March 31, 2022

533073
[*1]In the Matter of David VV., Appellant,
v
Alison YY., Respondent. (And Another Related Proceeding.)

Calendar Date:February 16, 2022

Before:Egan Jr., J.P., Aarons, Pritzker, Reynolds Fitzgerald and Ceresia, JJ.

John Ferrara, Monticello, for appellant.
Betty J. Potenza, Highland, attorney for the child.



Ceresia, J.
Appeal from an order of the Family Court of Sullivan County (Meddaugh, J.), entered February 9, 2021, which partially granted petitioner's applications, in two proceedings pursuant to Family Ct Act article 6, to modify a prior order of visitation.
Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of the subject child (born in 2010). In 2017, after the father was incarcerated for violating his probation and was hospitalized in connection with his bipolar disorder, Family Court issued an order on consent granting the mother sole legal and physical custody of the child, with supervised visitation for the father on at least two weekend days and two midweek days per month. The court ordered the father to continue his mental health counseling until he obtained a positive discharge and to maintain his medication regimen. Later in 2017, the father filed a modification petition seeking unsupervised visitation with the child, which was dismissed after a hearing. In 2018, the father filed a second modification petition seeking unsupervised visitation and an increase in the number of visits, to include overnights. Following a hearing, Family Court dismissed that petition, finding that the father had failed to submit admissible evidence of his continued compliance with mental health treatment and had not demonstrated that he could maintain stable employment and housing.
The father subsequently filed the instant petitions, again seeking increased, unsupervised parenting time, including overnights. After a fact-finding hearing and a Lincoln hearing, Family Court partially granted the petitions to the extent of allowing the father one unsupervised, eight-hour, daytime visit with the child per weekend. The father appeals, arguing that the court's failure to award him any overnight visits is contrary to the child's best interests. We affirm.
"A party seeking to modify a prior order of custody must show that there has been a change in circumstances since the prior order and, then, if such a change occurred, that the best interests of the child would be served by a modification of that order" (Matter of Leah V. v Jose U., 195 AD3d 1120, 1121 [2021] [internal quotation marks and citations omitted]). There is no dispute on appeal regarding the change in circumstances element and, in any event, that element is supported by the record (see Matter of Shokralla v Banks, 130 AD3d 1263, 1264 [2015]). As such, the only issue before this Court is whether Family Court's partial grant of the father's modification petitions was in the best interests of the child (see Matter of Williams v Patinka, 144 AD3d 1432, 1433 [2016]). In making this determination, Family Court was bound to consider "a number of factors, including the quality of the respective home environments and each parent's past performance, stability, fitness and ability to guide and provide for the child's development" (Matter of Henderson v MacCarrick, 74 AD3d [*2]1437, 1439 [2010] [internal quotation marks and citations omitted]). The court's ultimate assessment of the child's best interests is to be accorded great deference so long as it is supported by a sound and substantial basis in the record (see Matter of Naquan V. v Tia W., 172 AD3d 1467, 1468 [2019]).
At the hearing, the father's psychologist testified that, during the approximately three years following the father's incarceration and hospitalization, he had generally become compliant with his medication for bipolar disorder, although he had made self-adjustments to the medication on a few occasions, with adverse effects. It was also the psychologist's testimony that, although the father has acquired techniques for managing his frustrations, impulsivity and distortions with authority figures, he continues to suffer from severe mental illness requiring continued treatment and medication compliance in order to avoid another arrest or hospitalization. Indeed, the psychologist acknowledged that the father had been held in contempt of court on one occasion in 2020 after becoming upset by court proceedings, despite apparently being properly medicated at that time. The father admitted during his testimony that he had been terminated from his most recent employment following a dispute with management. Notwithstanding the foregoing, the hearing testimony also reflected the positive strides that the father had made, as well as his undisputedly positive and loving relationship with the child.
Considering all of the foregoing, we conclude that a sound and substantial basis exists to support Family Court's decision to allow weekly unsupervised visits during daytime hours, but not overnight visits (see Matter of Troy SS. v Judy UU., 69 AD3d 1128, 1133 [2010], lv denied 14 NY3d 912 [2010]). As the father's management of his mental illness and its impact on his everyday life was still ongoing,there was also a sound and substantial basis in the record for awarding the father a more modest increase in visitation than what he had requested (see Tait v Tait, 44 AD3d 1142, 1143 [2007]).
Egan Jr., J.P., Aarons, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the order is affirmed, without costs.