Matter of Jeremy RR. v Olivia QQ. (2022 NY Slip Op 03783)

Matter of Jeremy RR. v Olivia QQ.

2022 NY Slip Op 03783

Decided on June 9, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 9, 2022

533408
[*1]In the Matter of Jeremy RR., Appellant,
v
Olivia QQ., Respondent.

Calendar Date:April 19, 2022

Before:Lynch, J.P., Clark, Aarons, Colangelo and McShan, JJ.

Jane M. Bloom, Monticello, for appellant.
Constantina Hart, Kauneonga Lake, for respondent.
Betty J. Potenza, Highland, attorney for the child.

Aarons, J.
Appeal from an order of the Family Court of Ulster County (McGinty, J.), entered April 20, 2021, which, in a proceeding pursuant to Family Ct Act article 6, granted respondent's motion to dismiss the petition at the close of petitioner's proof.
Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the divorced parents of a child (born in 2015). Pursuant to a 2018 order, the mother had sole legal and physical custody of the child. The 2018 order did not provide for visitation between the father and the child. In 2020, the father commenced this proceeding to modify the 2018 order by seeking parenting time with the child. At the ensuing fact-finding hearing, the mother moved to dismiss the petition following the close of the father's proof on the basis that the father failed to prove a change in circumstances since the 2018 order. Family Court granted the motion, prompting this appeal by the father. We affirm.
As an initial matter, by drawing a negative inference against the father and finding his testimony to be incredible, Family Court did not abide by the proper standard when assessing the mother's motion made at the close of the father's proof. Having been presented with such a motion, the court was required to accept the father's testimony as true and afford him every favorable inference that could be reasonably drawn from his testimony (see Matter of Donald EE. v Heidi FF., 198 AD3d 1118, 1119 [2021]; Matter of Thomas KK. v Anne JJ., 176 AD3d 1354, 1355 [2019]). Despite the court's error, remittal is not required in view of our authority to review the sufficiently developed record and make an independent determination as to whether the requisite change in circumstances existed (see Matter of Janeen MM. v Jean-Philippe NN., 183 AD3d 1029, 1030 [2020], lv dismissed 35 NY3d 1079 [2020]; Matter of Joseph Q. v Jessica R., 144 AD3d 1421, 1422 [2016]).
That said, in this modification proceeding, the father bore the threshold burden of establishing a change in circumstances since the entry of the 2018 order (see Matter of Jahleel SS. v Chanel TT., 201 AD3d 1172, 1173 [2022]; Matter of Shannon X. v Koni Y., 196 AD3d 763, 764 [2021], lv denied 37 NY3d 915 [2021]). As a change in circumstances, the father merely alleged that the mother violated the 2018 order by bringing a third party when he visited with the child and, except for one instance, she failed to produce the child for visitation. The father, however, was not entitled to visitation under the 2018 order due to his longstanding mental health and substance abuse issues. Furthermore, even if the 2018 order could be construed as giving the father visitation, he did not offer testimony relative to his allegations. Accordingly, the father failed to satisfy his burden of showing a change in circumstances (see Matter of Clark v Ingraham, 88 AD3d 1079, 1080 [2011]; Matter of Washington v Bender, 59 AD3d 888, 889-890 [2009], lv denied 12 NY3d 710 [2009]), and his [*2]modification petition was correctly dismissed (see Matter of Thomas KK. v Anne JJ., 176 AD3d at 1355-1356; Matter of Hill v Dean, 135 AD3d 990, 995 [2016]; Matter of Tyrel v Tyrel, 132 AD3d 1026, 1027 [2015]; Matter of Hamilton v Anderson, 31 AD3d 935, 936 [2006]).
Lynch, J.P., Clark, Colangelo and McShan, JJ., concur.
ORDERED that the order is affirmed, without costs.