Matter of Brandon HH. v Megan GG. (2023 NY Slip Op 01115)

Matter of Brandon HH. v Megan GG.

2023 NY Slip Op 01115

Decided on March 2, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 2, 2023

532809
[*1]In the Matter of Brandon HH., Respondent,
v
Megan GG., Appellant.

Calendar Date:January 18, 2023

Before:Egan Jr., J.P., Lynch, Aarons, Ceresia and Fisher, JJ.

Rural Law Center of New York, Inc., Castleton (Kelly L. Egan of counsel), for appellant.
Aaron A. Louridas, Delmar, for respondent.
Larisa Obolensky, Delhi, attorney for the child.
Veronica Reed, Schenectady, attorney for the child.

Fisher, J.
Appeal from an order of the Family Court of Otsego County (John F. Lambert, J.), entered December 18, 2020, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.
Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of a son (born in 2011) and a daughter (born in 2013). Pursuant to a March 2019 order, the parties were awarded joint legal custody of the children with the father having primary physical placement and with parenting time to the mother on every weekend except the fifth weekend of the month. In January 2020, the father filed an enforcement petition, alleging that the mother had failed to comply with the terms of the order because she had missed more than 10 scheduled visits with the children, had unstable living arrangements and that he suspected that the mother was not providing the son with his medication during her parenting time. Thereafter, the father moved, by order to show cause, to suspend or restrict the mother's parenting time to only daylight hours based upon, among other things, the mother's living situation, association with individuals who were alleged to have threatened the children and the mother's repeated return of the children in an unsanitary condition.
Based on several allegations of neglect, Family Court ordered an investigation pursuant to Family Ct Act § 1034. Relevantly, the report stated that the mother allowed her boyfriend to continue to interact with the daughter after an alleged act of sexual misconduct between the boyfriend and the daughter. The report also provided that the mother had failed to provide the son with his prescribed medication. During a fact-finding hearing and a Lincoln hearing with each child, Family Court admitted into evidence the report generated by the Family Ct Act § 1034 investigation and issued an adverse inference against the mother for her failure to call the boyfriend as a witness. Ultimately, Family Court determined that supervision of the mother's parenting time was in the best interests of the children and issued an order to that effect. The mother appeals.
We affirm. The mother's contention that Family Court improperly admitted the report completed pursuant to Family Court Act § 1034 is unpreserved. Although the daughter's attorney for the child (hereinafter AFC) did object to the relevancy of the report during the hearings, and the mother joined such objection, neither advanced the hearsay argument that they do now for the first time on appeal (see Matter of William O. v John A., 151 AD3d 1203, 1205 [3d Dept 2017], lv denied 30 NY3d 902 [2017]; see Matter of Thomas FF. v Jennifer GG., 143 AD3d 1207, 1208 [3d Dept 2016]). In any event, given the other evidence introduced at the hearing, particularly the mother's testimony, the report simply restated what was already introduced and its admission was harmless (see Matter of Thomas v Osborne, 51 AD3d 1064, 1069[*2][3d Dept 2008]; see also Matter of Kylene FF. v Thomas EE., 137 AD3d 1488, 1492 [3d Dept 2016]; compare Matter of Timothy V. v Sarah W., 144 AD3d 1423, 1425 [3d Dept 2016]).
Next, we agree with the mother that Family Court improperly drew an adverse inference against her for not calling the boyfriend as a witness. Neither of the AFCs nor the father requested an adverse inference for a missing witness, and Family Court did not provide the mother an opportunity to be heard in opposition or to attempt to procure the boyfriend's testimony (see Matter of Liam M.J. [Cyril M.J.], 170 AD3d 1623, 1625 [4th Dept 2019], lv denied 33 NY3d 911 [2019]; Mereau v Prentice, 139 AD3d 1209, 1211 [3d Dept 2016]). Nevertheless, this error was harmless as there was sufficient evidence adduced at the fact-finding hearing to support the need for supervised visitation (see Matter of Kelly CC. v Zaron BB., 191 AD3d 1101, 1107 [3d Dept 2021]).
To this end, and contrary to the mother's contentions, Family Court's determination did not lack a sound and substantial basis in the record (see Matter of David VV. v Alison YY., 203 AD3d 1534, 1535 [3d Dept 2022], lv denied 38 NY3d 908 [2022]; Matter of Michael U. v Barbara U., 189 AD3d 1909, 1911 [3d Dept 2020]). Modifying an existing custody order requires a change in circumstances and that such change will serve the children's best interests (see Matter of Christopher WW. v Avonna XX., 202 AD3d 1425, 1426 [3d Dept 2022]). "Family Court has the discretion to impose supervised visitation if it determines that unsupervised visitation would be detrimental to the child[ren]'s safety because the parent is either unable or unwilling to discharge his or her parental responsibility properly" (see Matter of Michael NN. v Robert OO., 210 AD3d 1326, 1327 [3d Dept 2022] [internal quotations marks and citations omitted]; see Matter of Amanda YY. v Faisal ZZ., 198 AD3d 1125, 1126-1127 [3d Dept 2021], lv denied 38 NY3d 908 [2022]). "The court's ultimate assessment of the child[ren]'s best interests is to be accorded great deference so long as it is supported by a sound and substantial basis in the record" (Matter of David VV. v Alison YY., 203 AD3d at 1535 [citation omitted]; see Matter of Michael NN. v Robert OO., 210 AD3d at 1328).
During the fact-finding hearing, the mother testified that the incident outlined in the report completed pursuant to Family Ct Act § 1034 was unfounded and that she has not heard anything further from child protective services. When questioned about the incident, the mother further explained that she spoke to her daughter about it and, as a result, removed the boyfriend from her home. However, the mother admitted that, after she was in an abusive relationship with another individual, she reconciled with the boyfriend and was at least partially financially dependent on him. She further confirmed that the children still had contact with the boyfriend, including the daughter, notwithstanding the incident that had [*3]initially prompted her to remove him from the children's presence.
Family Court further heard testimony from the father, who testified that he was concerned regarding the children's continued contact with the boyfriend and other individuals that the mother associated with. He further testified that the children have returned from the mother's care covered in dirt, bug bites and in the same clothes that he had sent them in. He also articulated concerns as it relates to hygiene, notably with the son's teeth and the daughter developing a rash while visiting with the mother. A caseworker for the Department of Social Services also testified, explaining that she had safety concerns with the children visiting the mother because of the incident with the boyfriend and the mother's ability to make a determination as to who is safe to be around the children.
Based on the foregoing, and in considering the testimony from the Lincoln hearing, we agree with Family Court that there was a change in circumstances and that supervised visitation serves the children's best interests (see Matter of Michael NN. v Robert OO., 210 AD3d at 1328; Matter of David VV. v Alison YY., 203 AD3d at 1535; Matter of Michael U. v Barbara U., 189 AD3d at 1911). Although there was conflicting testimony relating to the incident involving the boyfriend, the children's hygiene while visiting with the mother and her administration of the son's medication, the mother's explanations were contradictory to other testimony or self-serving, and we accord deference to Family Court's credibility determinations (see Matter of Jamie UU. v Dametrius VV., 196 AD3d 759, 762 [3d Dept 2021]). We further recognize that supervised visitation affords the mother an opportunity to continue her relationship with the children while addressing credible safety concerns that the record demonstrates she has been unable or unwilling to properly discharge as part of her parental responsibilities (see Matter of Michael NN. v Robert OO., 210 AD3d at 1327; Matter of Amanda YY. v Faisal ZZ., 198 AD3d at 1126-1127). As such, we find that a sound and substantial basis exists in the record to support Family Court's order modifying the mother's visitation to be supervised (see Matter of Christopher WW. v Avonna XX., 202 AD3d at 1427). To the extent not expressly addressed herein, the mother's remaining contentions, including her claim of ineffective assistance of counsel, have been considered and found to be without merit.
Egan Jr., J.P., Lynch, Aarons and Ceresia, JJ., concur.
ORDERED that the order is affirmed, without costs.