■ In the Matter of STEPHANIE S., a Child Alleged to be Permanently Neglected. JOHANNA S., Appellant; CHILDREN'S AID SOCIETY, Respondent. [813 NYS2d 720]—

Order of disposition, Family Court, New York County (Susan R. Larabee, J.), entered on or about September 24, 2004, which, upon a fact-finding determination of permanent neglect, terminated respondent's parental rights to the subject child and committed the child's guardianship and custody to petitioner agency and the Commissioner of Social Services for the purpose of adoption, unanimously affirmed, without costs.

The finding of permanent neglect is supported by clear and convincing evidence of, inter alia, petitioner agency's referral of respondent to parenting skills training (*see Matter of Jonathan M.*, 19 AD3d 197 [2005], *lv denied* 5 NY3d 798 [2005]), and an instance of medical neglect indicative of continued lack of insight into basic parenting responsibilities. Family Court properly took judicial notice of the court file produced in the underlying neglect proceeding (*see Matter of Anjoulic J.*, 18 AD3d 984, 986 [2005]). Respondent's argument that certain materials in that file do not qualify as agency business records is unpreserved, her objection thereto having been that the materials are irrelevant because of their age. Respondent's cross-examination of the agency caseworker concerning the reasons for the filing of the instant termination petition was properly precluded as beyond the scope of direct examination, which was limited to laying a foundation for the admission of agency records. Moreover, respondent could have called the caseworker on her direct case if she wished to examine her on the issues she raised during cross-examination (*see Grcic v City of New York*, 139 AD2d 621, 626 [1988]). We have considered respondent's other arguments, including Family Court's preclusion of certain proposed testimony as irrelevant, and find them unavailing. Concur—Tom, J.P., Mazzarelli, Marlow, Nardelli and Malone, JJ.