Matter of Christopher TT. v Lisa UU. (2022 NY Slip Op 07273)

Matter of Christopher TT. v Lisa UU.

2022 NY Slip Op 07273

Decided on December 22, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 22, 2022

533924
[*1]In the Matter of Christopher TT., Appellant,
v
Lisa UU., Respondent. (And Another Related Proceeding.)

Calendar Date:November 15, 2022

Before:Aarons, J.P., Pritzker, Reynolds Fitzgerald, Ceresia and Fisher, JJ.

Robert C. Kilmer, Owego, for appellant.
Lauren S. Cohen, Johnson City, for respondent.
Joan E. Mencel, Endwell, attorney for the child.

Fisher, J.
Appeal from an order of the Family Court of Broome County (M. Rita Connerton, J.), entered March 15, 2021, which, among other things, partially dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.
Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of one child (born in 2015). Both parties initially resided in Broome County, however, when the child was less than a year old, the father retired from his job and relocated approximately two hours away in Pennsylvania. Pursuant to a November 2017 order, the parties shared joint legal custody of the child with the child's primary residence being with the mother, and the father having visitation on alternate weekends and additional times as agreed upon by the parties.
In 2019, the father commenced a proceeding under Family Ct Act article 6 seeking to modify the prior order, alleging that the mother had committed a physical act of violence against him, had become increasingly hostile towards him and had interfered with his ability to communicate with the child. The father also moved for a temporary order prohibiting the mother's paramour from having contact with the child, which was granted by Family Court. After fact-finding hearings and a Lincoln hearing, Family Court, among other things, partially dismissed the petition by declining to modify the primary physical custody arrangement.[FN1] The father appeals.
"A parent seeking to modify a prior order of custody and visitation is required to demonstrate that a change in circumstances has occurred since entry thereof that then warrants the court engaging in an analysis as to the best interets of the child" (Matter of Abigail Y. v Jerry Z., 200 AD3d 1512, 1513 [3d Dept 2021] [internal quotation marks and citations omitted]). Since there is no dispute that a change in circumstances occurred following the issuance of the 2017 order, "[t]he question accordingly turns to what custodial arrangement is in the best interests of the child" (Matter of Charity K. v Sultani L., 202 AD3d 1346, 1347 [3d Dept 2022]). "As to best interests, pertinent factors include the quality of each parent's home environment, the need for stability in the child's life, the parents' past performance, the willingness of each parent to foster a positive relationship between the child and the other parent and the ability to provide for the child's intellectual and emotional development and overall well-being" (Matter of Cecelia BB. v Frank CC., 200 AD3d 1411, 1414 [3d Dept 2021] [internal quotation marks and citations omitted]; see Matter of Charity K. v Sultani L., 202 AD3dat 1347). Where, as here, "the practical effect of granting the father's request for modification of custody would be relocation of the child, relocation must be considered within that framework" (Matter of Daniel G. v Marie H., 196 AD3d 801, 803 [3d Dept 2021] [internal quotation marks, brackets and citation [*2]omitted]; see Matter of Jelani PP. v Melissa QQ., 193 AD3d 1299, 1302 [3d Dept 2021]).
The father contends that Family Court's continuation of primary physical custody with the mother lacks a sound and substantial basis in the record. We disagree. Although the evidence produced at the fact-finding hearing confirmed the mother's physical act of violence and the increasing hostilities toward the father,[FN2] it is undisputed in the record that the mother has appropriately cared for the child. Numerous witnesses testified as to the mother's ability to provide for the child and her three other children from a prior marriage, none expressing any concern with the mother's ability to continue to do so. To that end, the child lives with her siblings and enjoys a close relationship with them, as well as her extended local family — who she sees regularly. Considering these relationships and the child's friends and school programming, which would be greatly impacted by a relocation to Pennsylvania where she has virtually no ties to the area except for the father, and despite the proof in the record that the father is a caring and very capable parent, we accord great deference to Family Court's determination and find, at this juncture, continued primary custody with the mother to be in the child's best interests and supported by a sound and substantial basis in the record (see Matter of Erick RR. v Victoria SS., 206 AD3d 1523, 1525 [3d Dept 2022]; Matter of Charity K. v Sultani L., 202 AD3d at 1349).
Lastly, we decline to disturb Family Court's determination prohibiting the paramour from moving into the mother's residence or from staying overnight when the child is present. Although the father seeks to prevent all contact between the child and the paramour, and the record indicates several instances of concern relating to the paramour's mental instability, testimony at the hearing demonstrated how the mother handled those incidents to shield her children — including the child. Despite the paramour's struggles, the record further established that he was able to maintain shared custody of his five children. In this regard, his ex-wife — a mandated state reporter — testified that she had no concerns with the paramour as it related to their children. There is nothing in the record that indicates that the paramour presents a danger to the child such that his contact should be permanently prohibited. Inasmuch as the record demonstrates that Family Court carefully considered this evidence, we find that the court's determination has a sound and substantial basis in the record (see Matter of Benjamin V. v Shantika W., 207 AD3d 1017, 1020-1021 [3d Dept 2022]; Matter of Erick RR. v Victoria SS., 206 AD3d at 1525; see also Matter of Carr v Stebbins, 123 AD3d 1164, 1165 [3d Dept 2014]). We have examined the parties' remaining contentions and found them to be rendered academic or without merit.
Aarons, J.P., Pritzker, Reynolds Fitzgerald and Ceresia, JJ., concur.
ORDERED [*3]that the order is affirmed, without costs.

Footnotes

Footnote 1: Family Court also dismissed a family offense petition filed by the mother, which is not challenged herein.

Footnote 2: We echo Family Court in cautioning the mother to improve her conduct and communications with the father for the sake of the child.