Matter of Ronald R. v Natasha FF. (2023 NY Slip Op 03273)

Matter of Ronald R. v Natasha FF.

2023 NY Slip Op 03273

Decided on June 15, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 15, 2023

535679
[*1]In the Matter of Ronald R., Respondent,
v
Natasha FF., Appellant. (And Another Related Proceeding.)

Calendar Date:April 27, 2023

Before:Garry, P.J., Aarons, Pritzker, Ceresia and Fisher, JJ.

Lisa K. Miller, McGraw, for appellant.
Christopher Hammond, Cooperstown, for respondent.
Ivy M. Schildkraut, Rock Hill, attorney for the child.

Garry, P.J.
Appeal from an order of the Family Court of Delaware County (Gary A. Rosa, J.), entered June 17, 2022, which, among other things, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.
Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of a child (born in 2012). Pursuant to a 2018 order, the father and the mother shared joint legal custody of the child, with the father having primary residential custody and the mother having certain parenting time during the week and on alternating weekends. In 2021, the father filed a petition to modify that order, seeking sole legal custody of the child and for the mother's parenting time to be supervised given her alleged failure to administer the child's medications as prescribed; the child had allegedly missed some school due to untreated allergies and, on several occasions, returned to the father's care with rashes, still carrying the medications he was supposed to have taken during the mother's parenting time. Family Court then ordered an investigation into the father's allegations pursuant to Family Ct Act § 1034, which resulted in an indicated report against the mother. The mother later cross-petitioned seeking primary residential custody, alleging that the father had prevented her from exercising her parenting time. Following a fact-finding hearing and a Lincoln hearing, the court granted the father sole legal custody and eliminated the mother's weekday parenting time. The mother appeals.
As there is no dispute that a change in circumstances occurred since the entry of the 2018 order, our inquiry turns to whether Family Court's custodial arrangement serves the best interests of the child (see Matter of Benjamin V. v Shantika W., 207 AD3d 1017, 1018 [3d Dept 2022]; Matter of Andrea C. v David B., 146 AD3d 1104, 1106 [3d Dept 2017]). Determining the child's best interests requires consideration of, among other factors, "the quality of the home environments of each parent, the need for stability in the child's life, the degree to which each parent has complied with the existing custodial arrangement and whether he or she will promote a positive relationship between the child and the other parent, as well as each parent's past performance and ability to provide for the child's physical, emotional and intellectual well-being" (Matter of Erick RR. v Victoria SS., 206 AD3d 1523, 1524 [3d Dept 2022] [internal quotation marks and citation omitted]; see Matter of Kristen II. v Benjamin JJ., 169 AD3d 1176, 1177 [3d Dept 2019]). Due to the court's superior position to evaluate testimony and witness credibility, we defer to its credibility determinations and factual findings, which will not be disturbed if supported by a sound and substantial basis in the record (see Matter of Megan UU. v Phillip UU., 193 AD3d 1287, 1289 [3d Dept 2021]; Matter of Fritts v Snyder, 139 AD3d 1143, 1144 [3d Dept 2016]).
Initially[*2], we agree with Family Court that the parties' demonstrated inability to cooperate and communicate with one another renders joint custody unfeasible (see Matter of Brett J. v Julie K., 209 AD3d 1141, 1143-1144 [3d Dept 2022]; Matter of Darrow v Darrow, 106 AD3d 1388, 1390-1391 [3d Dept 2013]). In maintaining that the child's best interests would be served by granting her cross-petition, the mother first disputes the court's finding that she did not properly administer the child's medications, asserting that such a finding required entry of the child's medical records into evidence. We disagree. Testimony of the father and the caseworker who authored the indicated report against the mother, along with photographs of the child's condition in the absence of his allergy medications, provided an ample basis for the court's finding. To the extent that the testimony of the mother and the father on the topic of proper administration of the medications was contradictory, this presented a credibility determination for the court to resolve (see Matter of Brandon HH. v Megan GG., 214 AD3d 1036, 1038 [3d Dept 2023]; Matter of Elizabeth S. v Ben T., 191 AD3d 1096, 1099 [3d Dept 2021]). We further note that, if these records tended to support the mother's assertion, repeated in her cross-petition and on appeal, that she administered the child's medications appropriately, she was free to offer them into evidence for Family Court's review, but she did not do so. To the contrary, the mother resisted judicial review of the child's medical records by refusing to sign releases for those records during the Family Ct Act § 1034 investigation. There is therefore no basis upon which to disturb the court's finding that the mother failed to properly administer the child's medications.[FN1] The mother's further arguments about her relative custodial fitness are both overshadowed by her failure to adequately administer the child's medication — and to acknowledge such failure — and contradicted by the well-founded findings of Family Court.
We are also unpersuaded by the mother's contention that the father deliberately alienated the child from her. According to the mother, the father has intentionally prevented her from exercising her weekday parenting time by unilaterally deciding to forbid the child from riding the bus to school, knowing that the schedules of the mother's other children prevented her from driving the subject child to school. The father's decision followed an incident in which the child was briefly left alone at the bus stop, having missed the bus during the mother's parenting time. In her testimony in support of her cross-petition, the mother confirmed that she now has a valid driver's license, and she identified several individuals capable of regularly assisting in the child's commute to school, including her mother and stepsister. The mother's testimony as to this support system belies her assertion that, without relying on a bus to take the child to school, [*3]she was unable to exercise her parenting time. Thus, we do not find merit in the mother's parental alienation argument.
Finally, the attorney for the child, who otherwise supports Family Court's custodial arrangment, joins the mother's argument that the court erred in reducing the mother's parenting time. However, for the reasons stated above, particularly the court's valid finding that the mother had failed to adequately administer the child's medication, we decline to disturb the court's determination in this regard (see Matter of Kristen II. v Benjamin JJ., 169 AD3d at 1178). The mother's remaining arguments, to the extent not expressly addressed herein, have been considered and are without merit. In light of the foregoing, a sound and substantial basis exists in the record supporting Family Court's determination, and it therefore will not be disturbed (see Matter of Backus v Clupper, 79 AD3d 1179, 1181 [3d Dept 2010], lv denied 16 NY3d 704 [2011]).
Aarons, Pritzker, Ceresia and Fisher, JJ., concur.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: The mother's argument that Family Court erred in relying on the indicated report against her, created pursuant to Family Ct Act § 1034, is unpreserved, as she did not object to the father's request that the court take judicial notice of the report at the fact-finding hearing (see CPLR 4017; 5501 [a] [3]; cf. Matter of Benjamin v Benjamin, 48 AD3d 912, 914 [3d Dept 2008]; Matter of Stephanie S., 29 AD3d 334, 335 [1st Dept 2006]; Matter of Ward v Jones, 303 AD2d 844, 846 [3d Dept 2003]).