Matter of Mary N. v Scott M. (2023 NY Slip Op 03742)

Matter of Mary N. v Scott M.

2023 NY Slip Op 03742

Decided on July 6, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 6, 2023

535631
[*1]In the Matter of Mary N., Petitioner,
v
Scott M., Appellant. (And Another Related Proceeding.)

Calendar Date:May 31, 2023

Before:Garry, P.J., Clark, Reynolds Fitzgerald and Ceresia, JJ.

Lisa A. Burgess, Indian Lake, for appellant.
James P. Curran, Hebron, attorney for the child.

Reynolds Fitzgerald, J.
Appeal from an order of the Family Court of Washington County (Adam D. Michelini, J.), entered June 2, 2022, which, among other things, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of visitation.
Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the parents of a child (born in 2013). Pursuant to a March 2019 order entered on consent, the parties share joint legal custody, with the mother having primary physical custody and the father receiving parenting time every Friday afternoon to Saturday afternoon, two non-consecutive weeks during the summer, shared holidays and school breaks.
In October 2021, the mother filed a modification petition seeking, among other things, sole custody, and a reduction in the father's parenting time. The father filed a cross-petition for modification seeking physical custody, or alternatively, expanded parenting time. Thereafter, the mother filed an amended modification petition alleging, among other things, that the father has failed to exercise a substantial amount of his parenting time and that the father had relocated his residence farther away from the child, approximately doubling the amount of time needed to transport the child to each parent's home. After a fact-finding hearing, Family Court found that the mother had demonstrated a change in circumstances and that it was in the child's best interests to modify the order. The court's subsequent order continued joint custody and physical custody with the mother but reduced the father's parenting time, awarding him time from Saturday afternoon to Sunday afternoon on alternate weekends and dinner on Wednesdays following the mother's weekend parenting time. The order continued the previously prescribed holiday, school and summer vacation schedules. The father appeals, and we affirm.
"A parent seeking to modify an existing custody and parenting time order first must demonstrate that a change in circumstances has occurred since the entry thereof to warrant the court undertaking a best interests analysis" (Matter of Damon B. v Amanda C., 195 AD3d 1107, 1108 [3d Dept 2021] [internal quotation marks and citations omitted]; see Matter of Jennifer VV. v Lawrence WW., 186 AD3d 946, 947-948 [3d Dept 2020]). The father contends that the mother failed to demonstrate a change in circumstances that would warrant modification of the prior order. We disagree. The mother testified that prior to the father's move the travel time to each parent's residence was approximately 40 minutes. Subsequent to the father's move, the travel time increased to approximately one hour and 15 minutes.[FN1] The mother further testified that the father substantially missed or failed to exercise parenting time with the child on approximately 15 to 20 occasions, nor did he provide adequate notice prior to missing these occasions, and, as such, the child was repeatedly left disappointed. The father testified that [*2]his employment and work schedule changed and that he was working Friday evenings from 5:00 p.m. until Saturday mornings at 4 a.m. The record evidence demonstrates that the father's move, coupled with the concomitant increase in travel time and working during a majority of the scheduled parenting time, supports Family Court's finding that a change in circumstances had occurred warranting a best interests analysis (see Matter of Dennis F. v Laura G., 177 AD3d 1110, 1111 [3d Dept 2019]; Matter of Colvin v Polhamus, 145 AD3d 1350, 1351 [3d Dept 2016]; Matter of Bjork v Bjork, 58 AD3d 951, 953 [3d Dept 2009], lv denied 12 NY3d 708 [2009]).[FN2]
When determining whether a modification is in a child's best interests, we consider such factors as "the past performance and relative fitness of the parents, their willingness to foster a positive relationship between the child and the other parent, their fidelity to prior court orders and their ability to both provide a stable home environment and further the child's overall well-being" (Matter of Carrie ZZ. v Aaron YY., 178 AD3d 1291, 1292 [3d Dept 2019]; see Matter of Nathan PP. v Angela PP., 205 AD3d 1082, 1083 [3d Dept 2022]). "Great deference is accorded to Family Court's factual findings and credibility determinations, and they will not be disturbed if supported by a sound and substantial basis in the record" (Matter of Jamie UU. v Dametrius VV., 196 AD3d 759, 761 [3d Dept 2021] [citations omitted]; see Matter of Brandon HH. v Megan GG., 214 AD3d 1036, 1038 [3d Dept 2023]). The testimony adduced at the hearing established that the father did not have a valid and sound reason for moving farther away from the child, and that he was not cognizant of the impact his move had on increasing the child's travel time. Additionally, the father had not exercised a significant portion of the parenting time allocated to him and his late notification when cancelling his parenting time caused the child to be disappointed. Moreover, the father is now unavailable for a considerable portion of his parenting time due to the change in his work schedule and he did not substantiate viable plans for the child's care during his absence. Conversely, the record shows that the mother and her extended family are available to spend weekends with the child. Contrary to the father's assertion, these factors provide a sound and substantial basis for Family Court's determination that the modified parenting time schedule is in the child's best interests, "[c]onsidering the totality of the evidence, and the discretion afforded to Family Court in fashioning a parenting time schedule" (Matter of Williams v Williams, 151 AD3d 1307, 1309 [3d Dept 2017]). Although the schedule reduces the father's parenting time, the court provided the father with regular and meaningful access to the child by maximizing his parenting time based on his revised work schedule and by continuing the provisions for shared holidays, school vacations and summer vacation[*3](see Matter of John VV. v Hope WW., 163 AD3d 1088, 1091 [3d Dept 2018]; Matter of Coleman v Millington, 140 AD3d 1245, 1247 [3d Dept 2016]; Matter of Hills v Madrid, 57 AD3d 1175, 1177 [3d Dept 2008]).
Garry, P.J., Clark and Ceresia, JJ., concur.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: Google Maps and MapQuest corroborated the mother's testimony.

Footnote 2: Although not determinative, the attorney for the child has advocated that Family Court's determination has a sound and substantial basis.