Matter of Henry CC. v Antoinette DD. (2023 NY Slip Op 06573)

Matter of Henry CC. v Antoinette DD.

2023 NY Slip Op 06573

Decided on December 21, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 21, 2023

535676
[*1]In the Matter of Henry CC., Appellant,
v
Antoinette DD., Respondent. (Proceeding No. 1.)
In the Matter of Antoinette DD., Respondent,
v
Henry CC., Appellant. (Proceeding No. 2.) (And Another Related Proceeding.)

Calendar Date:November 17, 2023

Before:Garry, P.J., Egan Jr., Aarons, Pritzker and Reynolds Fitzgerald, JJ.

Lisa K. Miller, McGraw, for appellant.
Pamela B. Bleiwas, Ithaca, for respondent.
Donna C. Chin, Niverville, attorney for the children.

Pritzker, J.
Appeal from an order of the Family Court of Broome County (Mark H. Young, J.), entered June 21, 2022, which, among other things, granted petitioner's applications, in proceedings No. 2 and 3 pursuant to Family Ct Act article 6, for custody of the parties' children.
Henry CC. (hereinafter the father) and Antoinette DD. (hereinafter the mother) are the parents of two children (born in 2016 and 2018). In May 2020, the father filed a petition seeking custody of the children. In June 2020, the mother moved by order to show cause requesting temporary sole custody of the children and a temporary no-contact order of protection in favor of her and the children. As a result, Family Court issued a temporary order directing the parents to share joint legal custody of the children, with the mother receiving physical custody and the father receiving parenting time as the parents could agree. In September 2020, the mother moved by order to show cause for, among other things, sole custody of the children and permission to move the children from Broome County to Long Island. The court issued a temporary order granting joint custody of the children to the parents with the mother having primary physical custody, supervised visitation for the father, and a prohibition on removing the children from Broome County. Following several temporary orders and multiple days of a fact-finding hearing, the court ordered that the mother have sole custody of the children and granted her permission to relocate with the children to Long Island. The father was awarded parenting time with the children on the first weekend of every other month to which the mother was required to transport the children, as well as further parenting time as agreed by the parties if the father traveled to Long Island. The father appeals.
The father contends that Family Court erred by granting the mother permission to relocate to Long Island. While this is a de novo custody proceeding, the father has abandoned any arguments relative to the grant of sole legal and physical custody to the mother by failing to address same in his brief (see Matter of Walter Q. v Stephanie R., 201 AD3d 1142, 1144 n [3d Dept 2022]; Matter of Jeffrey VV. v Angela VV., 176 AD3d 1413, 1414 n [3d Dept 2019]). Nevertheless, the guiding inquiry in a relocation proceeding remains the best interests of the child and the relevant factors to consider in determining same include "each parent's reasons for seeking or opposing the move, the quality of the relationships between the child and the custodial and noncustodial parents, the impact of the move on the quantity and quality of the child's future contact with the noncustodial parent, the degree to which the custodial parent's and child's life may be enhanced economically, emotionally and educationally by the move, and the feasibility of preserving the relationship between the noncustodial parent and child through suitable visitation arrangements" (Matter of Tropea v Tropea, 87 NY2d [*2]727, 740-741 [1996]; see Matter of Amber GG. v Eric HH., 217 AD3d 1103, 1104 [3d Dept 2023]; Matter of Celinda JJ. v Adrian JJ., 198 AD3d 1203, 1204 [3d Dept 2021], lv denied 37 NY3d 918 [2022]). It is well settled that "[b]ecause Family Court is in a superior position to assess witness credibility and make findings of fact, this Court will not disturb Family Court's decision so long as it is supported by a sound and substantial basis in the record" (Matter of O'Hara v DeMarsh, 161 AD3d 1271, 1272 [3d Dept 2018]; see Matter of Shane FF. v Alicia GG., 199 AD3d 1264, 1265 [3d Dept 2021]).
During fact-finding, the father testified that the children have never lived with him without the mother, that the mother takes care of most, if not all, of the children's financial expenses and the father is behind on his child support obligations. At the time of the hearing, the father was not currently employed and was living off of his credit cards. The mother has lived almost her whole life on Long Island and does not have any family or friends in Broome County, nor did she have a job there. The father moved up to Broome County a few months after the second child was born and the mother followed him approximately a year later hoping that the father would help her with the children if she came up to join him. However, when the mother moved she lived separately from the father and received "next to no[ ]" help financially or in caring for the children. After only "a month or two" in Broome County, the mother realized that "moving closer to [the father] was a big mistake" and indicated that she wanted to move back to Long Island with the children where she has the support of family and friends. The mother also had a job offer on Long Island. The father still has family members on Long Island and expressed an interest in visiting them. Additionally, as thoroughly detailed by Family Court, there is a history of domestic violence perpetrated by the father against the mother. This includes instances of verbal and physical abuse in front of the children. While we need not detail here the abhorrent acts of domestic violence, it must be stated that the father's cruel and dangerous conduct is shocking and appalling. Given the foregoing, it is abundantly clear that the children's lives will be enhanced economically and emotionally by allowing the mother and the children to relocate to Long Island (see Matter of Amber GG. v Eric HH., 217 AD3d at 1106; Matter of Celinda JJ. v Adrian JJ., 198 AD3d at 1205-1206). Thus, the court's determination that relocation is in the children's best interests is supported by a sound and substantial basis in the record (see Matter of Faea OO. v Isaiah PP., 220 AD3d 1132, 1133 [3d Dept 2023]; Matter of Clint Y. v Holly X., 217 AD3d 1069, 1072 [3d Dept 2023]).
Next, we turn to the father's argument that Family Court erred in granting him one weekend of parenting time every other month at his home in Broome County, failing to provide for holiday [*3]visitation or a set schedule of summer visitation and not providing any guidance as to how additional visits on Long Island can occur. "As with custody determinations, the guiding principle in fixing a parenting time schedule is the best interests of the child" (Matter of Jill Q. v James R., 185 AD3d 1106, 1108 [3d Dept 2020] [internal quotation marks, brackets and citations omitted]; see Matter of Michael U. v Barbara U., 189 AD3d 1909, 1910 [3d Dept 2020]). "Because the best interests of a child generally lie with a healthy, meaningful relationship with both parents, parenting time with a noncustodial parent is presumed to be in a child's best interests" (Matter of Jill Q. v James R., 185 AD3d at 1108 [internal quotation marks, brackets and citations omitted], accord Matter of Damon B. v Amanda C., 195 AD3d 1107, 1108 [3d Dept 2021]). "[U]nless parenting time with the noncustodial parent would be detrimental to the child's welfare, Family Court is required to fashion a parenting time schedule that affords the noncustodial parent frequent and regular access to the child" (Matter of Jill Q. v James R., 185 AD3d at 1108; see Matter of Zaida DD. v Noel EE., 177 AD3d 1220, 1222 [3d Dept 2019]). "Family Court has broad discretion to develop a parenting time schedule in the best interests of the child, and we will not disturb such determination unless it lacks a sound and substantial basis in the record" (Matter of Jill Q. v James R., 185 AD3d at 1108 [citations omitted]; see Matter of Eliza JJ. v Felipe KK., 173 AD3d 1285, 1287 [3d Dept 2019]).
Contrary to the father's assertion, Family Court provided him meaningful contact by virtue of the one weekend every other month provision with the mother providing transportation. Moreover, the court granted the father the ability to visit with the children when he is on Long Island upon 48-hours notice to the mother, who "shall not . . . unreasonably with[old]" consent, as well as reasonable phone and electronic contact. This is significant given the father's testimony regarding how frequently he travels to Long Island to visit friends and family, including his oldest daughter. As the court indicated in its decision, "the father has shown wavering levels of interest in parenting," thus, the frequency with which he sees the children on Long Island is nearly entirely within his control. "[C]onsidering the totality of the circumstances and deferring to Family Court's credibility determinations, we find that the . . . parenting schedule is well supported by a sound and substantial basis in the record" (Matter of Virginia OO. v Alan PP., 214 AD3d 1045, 1050 [3d Dept 2023]; see Matter of Mary N. v Scott M., 218 AD3d 890, 893 [3d Dept 2023]; see generally Matter of Warda NN. v Muhammad OO., 217 AD3d 1086, 1090 [3d Dept 2023]).However, due to the parents' history of very poor communication with one another, we find remittal to Family Court necessary to fashion a specific holiday and summer schedule, if deemed to be [*4]in the children's best interests. Moreover, we amend the order, given the history of domestic violence, for the mother and the father to meet at a neutral spot, which Family Court can determine, to exchange the children so that the father can exercise his parenting time.
We have examined the father's remaining contentions, including those involving evidentiary issues, and find them to be lacking in merit.
Garry, P.J., Egan Jr., Aarons and Reynolds Fitzgerald, JJ., concur.
ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as failed to include a specific holiday and summer schedule and exchange location in the parenting time schedule; matter remitted to the Family Court of Broome County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.