Matter of Janaye D. v Zachary C. (2025 NY Slip Op 04056)

Matter of Janaye D. v Zachary C.

2025 NY Slip Op 04056

Decided on July 3, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 3, 2025

CV-23-0643
[*1]In the Matter of Janaye D., Respondent,
v
Zachary C., Appellant. (And Another Related Proceeding.)

Calendar Date:June 2, 2025

Before:Garry, P.J., Egan Jr., Fisher, Powers and Mackey, JJ.

D.J. & J.A. Cirando, PLLC, Syracuse (Rebecca L. Konst of counsel), for appellant.
Mack & Associates, PLLC, Albany (Barrett D. Mack of counsel), for respondent.
Vicki J. Prager, Northville, attorney for the child.

Powers, J.
Appeal from two orders of the Family Court of Fulton County (J. Gerard McAuliffe Jr., J.), entered March 3, 2023, which, among other things, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.
Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the parents of the subject child (born in 2015). Following remittal by this Court in a prior appeal (Matter of Zachary C. v Janaye D., 199 AD3d 1267 [3d Dept 2021]), Family Court awarded the parents joint legal custody of the child, with the mother having primary physical custody and the father having specified parenting time. Subsequently, in August 2022, the mother petitioned to modify that prior order. In relevant part, the mother sought final decision-making authority, permission to move with the child from her current residence in Fulton County to the Town of Clifton Park, Saratoga County, and to direct the father to complete the necessary documentation for the child to acquire a passport. The father then cross-petitioned to enforce and modify the prior order. The father sought sole custody of the child and, as a result, that the child be enrolled in his local school district. Following fact-finding and Lincoln hearings, Family Court, in two separate orders, granted the primary aspects of the mother's petition and dismissed the father's petition as to the request for modification.[FN1] The father appeals.
As neither party disputes that a change in circumstances has occurred since entry of the prior order, we turn to what custody arrangement is in the best interests of the child (see Matter of Christine EE. v David FF., 235 AD3d 1156, 1157 [3d Dept 2025]). "Determining the child's best interests requires consideration of, among other factors, the quality of the home environments of each parent, the need for stability in the child's life, the degree to which each parent has complied with the existing custodial arrangement and whether he or she will promote a positive relationship between the child and the other parent, as well as each parent's past performance and ability to provide for the child's physical, emotional and intellectual well-being" (Matter of Ronald R. v Natasha FF., 217 AD3d 1163, 1164 [3d Dept 2023] [internal quotation marks and citations omitted]; see Matter of Mary N. v Scott M., 218 AD3d 890, 892 [3d Dept 2023]). If the practical effect of granting a modification petition is relocation of the child, "relocation must be considered within th[e] framework" of what custodial arrangement would serve the child's best interests (Matter of Christopher TT. v Lisa UU., 211 AD3d 1371, 1372 [3d Dept 2022] [internal quotation marks and citations omitted]; see Matter of Erick RR. v Victoria SS., 206 AD3d 1523, 1525 [3d Dept 2022]).
The testimony elicited during the fact-finding hearing demonstrates that both the mother and the father have played a role in the breakdown of their communication, with the [*2]mother sometimes failing to consult the father, and the father often failing to respond when she does attempt to do so. However, the record also shows that the mother has been the child's primary caregiver for the entirety of his life. In this respect, the mother has been chiefly responsible for scheduling and transporting the child to appointments and activities, as well as taking the principal role in the child's education. The father's involvement in these areas of the child's life has been limited and minimal as compared to that of the mother's. At first glance, it appears that the mother's desire to relocate from Fulton County to Saratoga County may result in a disruption to the child's life. Yet, the mother explained that this move is the result of her and her fiancÉ, with whom she shares a child, building a home in a locale advantageous to their respective employments, as well as to the child's education. The mother's testimony demonstrates that she strongly considered the child when deciding to move and the location to which she was to move. The new home is in relatively close proximity to her extended family, closer to her fiancÉ's extended family and does not result in a significant increase to the distance away from the father's home. Additionally, she intends to keep the child's healthcare providers the same, continue to have the child participate in many of the same activities that he currently does and did not request to alter the designated location of the exchange of the child. Notably, although the father testified as to how the move may inconvenience him, he neither opined nor presented any evidence as to how the move may negatively impact the child. Moreover, the father's request would also result in the child changing school districts, presenting the same apparent disruption to the child. The mother has also retained the same employment since 2016 and, despite being on parental leave at the time of the fact-finding hearing, her work schedule was able to accommodate her childcare needs. The father, in comparison, testified that he lives with his parents and described in generalized terms that he has the intention to build a home at some point in the future. He additionally had recently changed jobs and now works extended hours.
Both the mother and the father appear to be fit and loving parents. Nevertheless, the mother has demonstrated a higher level of involvement in the child's life and offers greater stability to the child. Deferring to Family Court's factual findings and credibility determinations, the record provides a sufficient basis to support Family's Court's conclusion that the child's best interests are served by modifying the prior order of custody to grant the mother final decision-making authority, primary physical custody of the child and allowing her to move the child to a neighboring county (see Matter of Samantha E. v Nicholas F., 233 AD3d 1295, 1297, 1298 [3d Dept 2024]; Matter of Michael T. v Dana U., 232 AD3d [*3]1058, 1063 [3d Dept 2024]; Matter of Weber v Weber, 100 AD3d 1244, 1246-1247 [3d Dept 2012]; see also Matter of David BB. v Danielle CC., 216 AD3d 1281, 1284 [3d Dept 2023]).
Garry, P.J., Egan Jr., Fisher and Mackey, JJ., concur.
ORDERED that the orders are affirmed, without costs.

Footnotes

Footnote 1: Multiple issues presented to Family Court are not before this Court on appeal. Specifically, as to the mother's modification petition, she additionally sought permission to vaccinate the child for COVID and travel with the child to her fiancÉ's home country of India in preparation for their wedding. Family Court did not grant these aspects of the mother's petition and she does not appeal therefrom. The court did, however, grant her request to direct the father to complete the necessary paperwork for the child to acquire a passport. The father does not challenge this aspect of the order and, in fact, conceded that he did not have an objection to the child being issued a passport. In the context of the father's enforcement petition, he claimed that the mother had violated the prior order by enrolling the child in activities without his permission, refusing to provide him with reasonable phone contact during her parenting time and failing to provide notice of the child's appointments. Family Court found that the mother had failed to provide the father with notice of the child's appointments and, therefore, found her in violation of the prior order to this limited extent. The mother does not appeal and, thus, that determination is likewise not before this Court.