Matter of Linda V. v Christopher W.

2026 NY Slip Op 02009

April 2, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Linda V., Appellant-Respondent,

v

Christopher W., Respondent-Appellant. (And Three Related Proceedings.)

Decided and Entered:April 2, 2026

CV-24-1415

Calendar Date: February 11, 2026

Before: Garry, P.J., Aarons, Ceresia, Fisher And Mackey, JJ.

Sandra M. Colatosti, Albany, for appellant-respondent.

Matthew C. Hug, Albany, for respondent-appellant.

Alexandra G. Verrigni, Rexford, attorney for the child.

[*1]

Ceresia, J.

Cross-appeals from an order of the Family Court of Schenectady County (Stephen Rodriguez, Referee), entered July 15, 2024, which, among other things, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.

Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the parents of the subject child (born in 2015). In 2019, a consent order was entered in Family Court wherein the parties agreed to share joint legal custody of the child, with the father retaining primary physical custody and the mother receiving parenting time on the first three weekends of every month and every Wednesday evening, as well as additional time during the summer and on holidays. In 2022, the mother filed a modification petition seeking primary physical custody, and three enforcement petitions alleging that the father was refusing to allow her to exercise her weekend parenting time. Following a three-day hearing and Lincoln hearing, the court granted the mother's modification petition to the extent of providing her with increased parenting time, although it found that primary physical custody should remain with the father. As such, the court lengthened the mother's weekend parenting time from Friday through Sunday to Thursday through Sunday and increased her parenting time during the summer. These cross-appeals ensued.FN1

Initially, contrary to the father's argument, the mother met her threshold burden of showing a change in circumstances sufficient to warrant an inquiry into what custodial arrangement will serve the child's best interests (see Matter of Jennifer HH. v Alavanh II., 243 AD3d 1170, 1171 [3d Dept 2025]; Ricky SS. v Christine SS., 241 AD3d 1009, 1011 [3d Dept 2025]; Matter of Christopher T. v Jessica U., 90 AD3d 1092, 1093-1094 [3d Dept 2011]). That is, the evidence demonstrated that, since the entry of the initial consent order, Child Protective Services had imposed a sexual assault treatment program (hereinafter SATP) on the child's behalf and required that the child participate in counseling following allegations of "sexual play" between the child and a paternal half brother as well as a maternal half brother.FN2 Further, while the father had constructed a separate bedroom for the child within his home, as mandated by the SATP, the child had reported to the mother that his paternal half brother continued to come into that bedroom without an adult present. Although the father points out that the mother's modification petition did not contain these allegations, Family Court, noting that the petition had been filed pro se, providently exercised its discretion in granting a motion by the attorney for the child to conform the pleading to the proof elicited at trial (see CPLR 3025 [c]; Matter of Oksoon K. v Young K., 115 AD3d 486, 487 [1st Dept 2014], lv denied 24 NY3d 902 [2014]).

Turning to the best interests analysis, "[d]etermining the child's best interests requires consideration [*2]of, among other factors, the quality of the home environments of each parent, the need for stability in the child's life, the degree to which each parent has complied with the existing custodial arrangement and whether he or she will promote a positive relationship between the child and the other parent, as well as each parent's past performance and ability to provide for the child's physical, emotional and intellectual well-being" (Matter of Ronald R. v Natasha FF., 217 AD3d 1163, 1164 [3d Dept 2023] [internal quotation marks and citations omitted]; see Matter of Mary N. v Scott M., 218 AD3d 890, 892 [3d Dept 2023]). "A custodial determination depends to a great extent upon an assessment of the testimony, character and sincerity of the parties [and,] [f]or this reason, it is well established that, given its superior position to observe the witnesses, deference is ordinarily accorded to Family Court's findings in this respect" (Matter of Joanna PP. v Ohad PP., 230 AD3d 1445, 1447 [3d Dept 2024] [citations omitted]; see Matter of Robert C. v Katlyn D., 230 AD3d 1392, 1394 [3d Dept 2024]).

The hearing evidence supported Family Court's finding that primary physical custody should remain with the father. The court credited the father's testimony that he had always been more involved than the mother with the child's doctors' appointments and schooling, including attending regular meetings concerning the child's individualized education plan, and that the child had shown continuous scholastic improvement in the father's school district, where he had been attending school all his life. The father additionally testified that he abides by the requirements of the SATP and regularly brings the child to counseling sessions. To the extent that several sessions had been missed, the father provided reasons for those occurrences that the court deemed credible. The court also noted that the father had decreased his work hours so that he could spend more time with the child and his half brothers and provide more of the adult supervision required under the SATP.

At the same time, there was also an adequate foundation for Family Court's decision to increase the mother's parenting time. The mother had recently finished cancer treatments and taken steps such as shifting her work schedule and obtaining a car in order to be more available to the child. The mother was respectful of the father's decisions concerning the child's education and medical care, while also increasing her involvement in those areas of the child's life, and she strictly adhered to the requirements of the SATP. Even with the father's decreased work hours, the mother had more time to spend with the child than the father.

Accordingly, Family Court's determination to continue primary physical custody with the father while increasing parenting time for the mother an outcome that is supported by both the trial and appellate attorneys for the child has a sound and substantial basis in the record, and [*3]we decline to disturb it (see Matter of Michelle EE. v John EE., 235 AD3d 1121, 1124 [3d Dept 2025]; Matter of Daniel C. v Joanne C., 182 AD3d 711, 715-716 [3d Dept 2020]). The parties' remaining contentions have been considered and found to be without merit.

Garry, P.J., Aarons, Fisher and Mackey, JJ., concur.

ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: During the hearing, Family Court also dismissed the mother's enforcement petitions based upon insufficient evidence, a finding that the mother does not challenge on appeal.

Footnote 2: The child has four older half brothers, two on the father's side and two on the mother's side.