Matter of Ola A. v Bafode D.

2026 NY Slip Op 02149

April 9, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Ola A., Petitioner-Respondent,

v

Bafode D., Respondent-Appellant.

Decided and Entered: April 09, 2026

Index No. V-08732/23|Appeal No. 6312|Case No. 2024-07265|

Before: Kennedy, J.P., Kapnick, Higgitt, Michael, Chan, JJ.

Law Office of Lewis S. Calderon, Jamaica (Lewis S. Calderon of counsel), for appellant.

Karen Freedman, Lawyers for Children, Inc., New York (Shirim Nothenberg of counsel), attorney for the children.

[*1]

Order, Family Court, New York County (Jessica M. Forman, Referee), entered on or about November 25, 2024, which granted petitioner mother primary physical custody of the children with parenting time to respondent father on alternate weekends, summer breaks, and holidays, and one midweek dinner visit, unanimously affirmed, without costs.

Family Court's determination that an award of primary physical custody to the mother was in the best interests of the children has a sound and substantial basis in the record and the father failed to identify any grounds to disturb the determination (see Matter of Emmanuel A. v Evelyn R.M.G., 242 AD3d 481, 482 [1st Dept 2025]). The undisputed testimony established that, since the parents' separation in 2023, the children lived primarily with the mother, that she provided a stable and loving home for the children, and that she managed the children's medical appointments, school drop offs and pickups, and social activities (see Matter of Kimberly J. v Benjamin G., 227 AD3d 471, 472 [1st Dept 2024]; see Matter of Celina S. v Donald S., 133 AD3d 471, 471 [1st Dept 2015]). Moreover, the mother testified that she communicated with the father and facilitated his visitation, sometimes rearranging her own schedule to accommodate his parenting time (see Matter of Dave D. v Cara C., 179 AD3d 560, 561 [1st Dept 2020]).

While the father loves his children and plays an active role in their lives, the testimony shows that he did not provide them with the same degree of stability that the mother provided (see Matter of Celina S. v Donald S., 133 AD3d 471, 471 [1st Dept 2015]; see e.g. Matter of Mary N. v Scott M., 218 AD3d 890, 892 [3d Dept 2023]). In any event, Family Court considered his loving relationship with the children in granting him parenting time during the week, on alternate weekends, and during school breaks and holidays (see e.g. Matter of Chirag C. v Jaimie D., 226 AD3d 470, 471 [1st Dept 2024], lv denied 42 NY3d 907 [2024]; see also Matter of Ian C. v Desery C., 161 AD3d 621, 622 [1st Dept 2018]).

THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: April 9, 2026