Matter of Sierra KK. v Brett LL.

2026 NY Slip Op 02708

April 30, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Sierra KK., Appellant,

v

Brett LL., Respondent.

Decided and Entered:April 30, 2026

CV-25-1289

Calendar Date: March 26, 2026

Before: Aarons, J.P., Pritzker, Reynolds Fitzgerald, Fisher And Mcshan, JJ.

Christopher Hammond, Cooperstown, for appellant.

Imara de Montfort, Binghamton, for respondent.

Lisa K. Miller, McGraw, attorney for the child.

[*1]

McShan, J.

Appeal from an order of the Family Court of Chenango County (John Hubbard, J.), entered July 14, 2025, which partially dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of visitation.

Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the parents of the subject child (born in 2014). Pursuant to an April 2024 order, the parties shared joint legal custody of the child, while the father had primary physical custody. That order granted the mother supervised parenting time every other weekend, every Wednesday evening and on certain holidays. As relevant here, the order required that the mother not permit her partner to be in the presence of the child.FN1

In July 2024, the mother commenced this modification proceeding, seeking unsupervised parenting time with the child and removal of the provision prohibiting the partner from being in the presence of the child. In November 2024, Family Court issued a temporary order on consent, allowing unsupervised parenting time with the mother, but retaining the provision restricting the partner from having contact with the child. Following a three-day fact-finding hearing and a Lincoln hearing, the court partially granted the mother's petition by providing her with unsupervised parenting time. However, as relevant to this appeal, the court denied the request to remove the prohibition on contact between the child and the partner. The mother appeals.

Dispensing with the threshold issue on a custody modification petition, the father contends that the mother failed to demonstrate the requisite change in circumstances to permit modification of the custody arrangement with respect to the ongoing prohibition on contact between the child and the partner, which is the sole issue on appeal. We disagree, as the mother's sobriety clearly constitutes a change in circumstances permitting Family Court to engage in a best interests analysis with respect to modification of the entirety of custody provisions contained in the prior order (see Matter of Carrie ZZ. v Aaron YY., 178 AD3d 1291, 1292 [3d Dept 2019]; see also Matter of Christine X. v James Y., 244 AD3d 1545, 1546 [3d Dept 2025]; Matter of Christine TT. v Gary VV., 143 AD3d 1085, 1085 [3d Dept 2016]).

We thus turn to the question of whether the aforementioned prohibition is in the best interests of the child. In doing so, we note that "Family Court is in a superior position to evaluate witness credibility, [and we therefore] defer to its factual findings and only assess whether its determination is supported by a sound and substantial basis in the record" (Matter of David JJ. v Verna-Lee KK., 207 AD3d 841, 843 [3d Dept 2022] [internal quotation marks and citations omitted]; see Matter of Nicole J. v Joshua J., 206 AD3d 1186, 1187 [3d Dept 2022]). Further, "although not determinative, the expressed wishes of the child are some indication of what is in his or her best interests, considering [*2]his or her age, maturity and potential to be influenced" (Matter of Chad KK. v Jennifer LL., 219 AD3d 1581, 1584 [3d Dept 2023] [internal quotation marks, brackets and citations omitted]; accord Matter of David JJ. v Tara KK., 240 AD3d 984, 986 [3d Dept 2025]). In that vein, we note that the attorney for the child, in line with the position taken before Family Court, supports leaving the prohibition in place at this time in accord with the child's preference (see Matter of Alex Y. v Mindy X., 245 AD3d 1114, 1118 n 1 [3d Dept 2026]; Matter of Misty PP. v Charles PP., 206 AD3d 1532, 1533-1534 [3d Dept 2022]).

Family Court determined that the partner did not pose any danger or threat to the child, and we agree with the court's assessment. Nevertheless, there are numerous factors that support Family Court's determination to leave the no-contact provision in place; chief among them is the ongoing rehabilitation of the child's relationship with the mother. As reflected by the record, the mother's newfound sobriety was hard-earned, and she has taken numerous steps to conquer her addiction, which has improved her home life and conflict management with her partner. Her accomplishments are laudable and, as credited by Family Court, her ongoing sobriety warranted removing the supervised parenting time provisions in the prior order. The record reflects that the child, however, was still affected by the mother's past alcohol abuse, as he expressed to the maternal grandmother and others that he had concerns about his safety. In particular, the record reflects that past altercations between the mother and her partner stemming from their use of alcohol had made the child uncomfortable. The child's feelings were further explained by other witnesses who credibly recounted the child's steadfast reluctance to visit with the partner as of the time of the hearing. To that end, the mother also acknowledged that the child had expressed concerns to her about her relationship with the partner, her time in inpatient treatment and her prior relocations in and out of the partner's house. These issues prompted the therapeutic intervention between the child and the mother that was ongoing as of the time of the hearing. In our view, the continued development of the relationship between the child and the mother is paramount to the best interests analysis with respect to the limitation on contact with the partner. Family Court also properly considered that, although the provision might present some challenges for the mother, the child would still be permitted substantial contact with his half siblings through the current custodial arrangement and parenting time schedule (see Matter of Terry PP. v Domiyon PP., 184 AD3d 914, 916-917 [3d Dept 2020]; Matter of Brent O. v Lisa P., 161 AD3d 1242, 1246 [3d Dept 2018]; see generally Matter of Celinda JJ. v Adrian JJ., 198 AD3d 1203, 1205 [3d Dept 2021], lv denied 37 NY3d 918 [2022]). Accordingly, we find that a sound and substantial basis [*3]supports leaving the provision preventing contact between the child and the partner in place at this time (see Matter of Eliza JJ. v Felipe KK., 173 AD3d 1285, 1286-1287 [3d Dept 2019]; see also Matter of Christopher TT. v Lisa UU., 211 AD3d 1371, 1373 [3d Dept 2022]).

However, we are mindful of the concern raised by the mother at the onset of the hearing reflecting the potential difficulty of revisiting this provision in the future based upon the need to demonstrate a new change in circumstances. In order to account for that uncertainty, we exercise our broad discretion and modify the order only to the extent that the passage of six months from the date of this Court's order shall constitute a per se change in circumstances, allowing the mother to seek modification of the prohibition, leaving Family Court to consider whether modifying same is in the child's best interests.FN2 Doing so allows time for the mother and the child to continue engaging in counseling for a substantial period before revisiting the child's potential contact with the partner.

Aarons, J.P., Pritzker, Reynolds Fitzgerald and Fisher, JJ., concur.

ORDERED that the order is modified, on the law, without costs, by adding thereto a provision permitting petitioner to seek modification of that part of the order prohibiting contact between the child and the partner after six months from the date of entry of this Court's order without demonstrating a change in circumstances, and, as so modified, affirmed.

Footnotes

Footnote 1

As set forth in the April 2024 order, the parties consented to the custody and supervised visitation arrangement and left the decision as to whether the partner could have contact with the child and the scope of such contact to Family Court's discretion upon conducting a Lincoln hearing with the child.

Footnote 2

To be clear, our modification to the order on appeal does not preclude either party from seeking a modification upon a proper showing of a change in circumstances prior to the expiration of the six-month period.